THE STATE OF KANSAS, *ex rel. Joseph Taggart, as County Attorney, et al., Plaintiffs,* V. F. M. HOLCOMB, *as County Clerk, etc., Defendant.* THE CUDAHY PACKING COMPANY, *Intervenor.*

No. 16,760.

#### SYLLABUS BY THE COURT.

1. MANDAMUS—*County Clerk—Entering Property upon the Tax Rolls.* Mandamus is an appropriate remedy to compel a county clerk to enter upon the tax rolls taxable property omitted from the assessor's returns, where such officer admits the existence and value of the property but declines to correct the assessment and enter it upon the tax rolls because of a contention that the property is not taxable and because he is in doubt as to his power in the premises.

2. TAXATION — *Property Not Listed — Time of Adding to Tax Rolls.* Taxable property, not listed for taxation nor returned by the assessor, may be added to the tax rolls by the county clerk after the settlement with the county treasurer in October of the year the assessment should have been made, and after the tax rolls have been turned over to the county treasurer.

3. ——— *Finished Product of a Manufacturer.* The finished product of a manufacturer is subject to taxation, and it is his duty to list such property, and where it has not been listed by the owner nor returned by the assessor it is the duty of the county clerk or the board of county commissioners to take steps to correct the assessor's return and of the county clerk to enter such omitted property on the tax rolls.

Original proceeding in mandamus. Opinion filed February 12, 1910. Judgment for the plaintiffs on the propositions submitted.

*Joseph Taggart,* county attorney, and *Keplinger & Trickett,* for the plaintiffs.

*R. W. Blair, H. A. Scandrett,* and *B. W. Scandrett,* for the intervenor; *Thomas Creigh, C. W. Sears, J. E. McFadden,* and *O. Q. Claflin, jr.,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding was brought by the state of Kansas, on the relation of Joseph Taggart, as county attorney, and also the board of county commissioners of Wyandotte county, against F. M. Holcomb, county clerk of Wyandotte county, to compel that officer to add to the personal-property statement of the Cudahy Packing Company property (termed the "finished product") of the value of $498,178.41, which had not been listed by it or returned by the assessor, and to enter the same on the tax rolls of the county. Proceedings were instituted in August, 1909, to correct the property statement of the company and to add this property to the tax rolls, and in October, 1909, the company made and filed with the board of county commissioners a written statement showing the amount on hand in March, 1908, and in each succeeding month of the tax year, and that the average value of the finished product of their packing business was $498,178.41. In November, 1909, the board made an order requiring the county clerk to correct the returns of the assessment and add this amount to the tax rolls, but the county clerk, while admitting that he had information that the property had been omitted from the assessor's returns and was of the value stated, answered that the company contended that the omitted property was not taxable, and, further, that the county clerk had no power to add omitted property after November 1, 1909, and being doubtful of his own power he declined to make the correction until ordered to do so by a court of competent jurisdiction. After this proceeding had been commenced the Cudahy Packing Company intervened, and among other things alleged that it was engaged exclusively in the manufacturing business and that its finished product was in no event subject to taxation; that its taxable property had been listed and returned by the assessor and that a check for the amount of

taxes due on its assessment had been delivered to the county treasurer and accepted by him, and that neither the board of county commissioners nor the county clerk had authority to add omitted property at the time when the order mentioned had been made.

Three propositions arising on the answer of the company have been argued and submitted for decision: (1) Can mandamus be employed to compel the county clerk to place omitted personal property on the tax rolls? (2) Is there any power in the county clerk or the board to correct returns or to add omitted property after the October settlement with the county treasurer has been made and after the tax rolls have been delivered to the county treasurer? (3) Is the finished product of a manufacturer taxable?

On the first proposition there can be little chance for controversy. Mandamus is an appropriate remedy to compel an officer to perform a duty which the law enjoins upon him. The statute requires the county clerk to enter upon the tax rolls personal property subject to taxation which has not been listed by the owner or returned by the assessor. (Gen. Stat. 1901, § 7599.) In an inquest, of which the company had notice, it has been ascertained that personal property belonging to the company was not listed by it or returned by the assessor, and that it is of a certain value. This is confessed by the county clerk, who declines to correct the assessment and make the entry, as the statute requires, because of a claim of the owner that the property is exempt from taxation and a desire on his part to have a judicial decision of the question before he takes action. In effect he says: "The property is owned by the company; it was not listed or returned; it is of a certain value; but a question of law has arisen whether such property is taxable, and hence I refuse to make the entry." Assuming that the property is taxable, the duty of the county clerk is clear. He has no alternative but to make the entry, and no right to postpone

57—81 KAN.

action until a court has determined it to be his duty.
As to the propriety of the state employing mandamus
to require official action there is no room for contention.
The action is brought in the name of the state, by the
county attorney, who, for this purpose, represents the
people of the state.

On the second proposition it is contended that the
time has passed in which the assessment may be cor-
rected or omitted property entered upon the tax rolls.
The statute provides that the board and the county
clerk may take action to correct an assessment and add
omitted property "at any time before the final settle-
ment with the county treasurer." (Gen. Stat. 1901,
§7599.) In this matter there was no delay nor lack of
diligence on the part of the county officers. Proceed-
ings to make the correction were instituted in August,
and the only apparent reason for the delay was the op-
position of the company, which, although admitting the
existence of the property and its omission from the tax
rolls, resisted every effort to place it upon the tax rolls.
A party can not escape taxation by contesting the right
of officers to impose a tax and keeping it in litigation
beyond the time fixed by law for making the assess-
ment. Nor is an officer justified in setting up the ex-
cuse in a mandamus proceeding that the time fixed by
statute to do the act has passed, when it was his own
failure to perform the duty within the statutory time
which made it necessary to bring the mandamus pro-
ceeding. An officer can not by failure to perform a
duty nullify the statute imposing it nor defeat the
public in compelling performance where it takes rea-
sonably prompt action to enforce performance. In
*Lewis v. Comm'rs of Marshall Co.*, 16 Kan. 102, it was
said:

"As a general rule, when a duty is at the proper time
asked to be done, and improperly refused to be done,
the right to compel it to be done is fixed, and is not
destroyed by the lapse of the time within which in the
first place the duty ought to have been done." (Page
108.)

The State v. Holcomb.

(See, also, *The State, ex rel., v. Comm'rs of Kearny Co.*, 42 Kan. 739.)

Aside from these considerations, the time in which omitted property might be added by the clerk had not passed. It is contended that the October settlement mentioned in the statute, before which the correction must be made, is the settlement of the year in which the assessment is made, and reference is made to the ferret cases of *Douglas County v. Lane,* 76 Kan. 12, and *Jackson County v. Kaul,* 77 Kan. 715. Those cases were disposed of upon the theory that the statute has fixed an absolute limitation for the revision of the tax rolls or the imposing of taxes on omitted property. It was held that when the October settlement is had between the treasurer and the county commissioners of the financial affairs of the county, and a new set of accounts, transactions and proceedings is started and the business of the year is closed up, the right to impose additional taxes for that year is ended. The accounts and transactions arising out of the assessment and tax proceedings of 1909 can not in the nature of things be settled and closed up until the October settlement of 1910. Although not definitely stated, the settlement referred to is manifestly the one following the levy and collection of taxes for the preceding tax year. When the taxes are extended by the county clerk and the tax rolls are turned over to the treasurer he collects the taxes, apportions them among the various funds and different municipalities, and, that being done, he makes a final settlement. It was evidently the intention of the legislature that a revision might be made or omitted property added until the tax proceedings, including the assessment and collection of the taxes, had been completed and a settlement thereon had with the county treasurer. That was the view taken in *Lappin & Scrofford v. Commissioners of Nemaha County,* 6 Kan. 403, where proceedings to revise the assessment and to add omitted property were taken

before the board of county commissioners in December, after the tax roll had been turned over to the county treasurer. The right to make a revision at that time was directly challenged, and the court said the "county commissioners have authority in December and January, after the tax roll has passed into the hands of the treasurer, to place on the tax roll property omitted by the assessor, and charge up the proper taxes thereon." (Syllabus.)

That the power of the county clerk to enter omitted property for taxation does not end with the October settlement of the year when the assessment is made is indicated by the provision relating to the taxation of merchants, which is to the effect that parties who begin merchandising after March 1 and before November 1, and whose property has not been listed in another county, shall report to the county clerk the average value employed in the business during this period, and it is the duty of that officer to enter the property upon the assessment rolls and it is taxed the same as if returned by the assessors. This provision necessarily contemplates action by the county clerk after the October settlement by the county treasurer. (Gen. Stat. 1901, § 7543.) Another provision in the county officers' act makes it the duty of the county treasurer, in case he shall learn that property subject to taxation has not been assessed, to notify the county clerk, who is required to place the same on the tax roll. (Gen. Stat. 1901, § 1669.) It has been suggested that this ancient provision has been superseded by section 7599, supra, and it may well be argued that the specific provisions of the latter section will control the county clerk as to the time and manner of correcting assessments. There remains in the section, however, the admonition to the county treasurer that when he learns of property not upon the tax roll he shall notify the county clerk of the omission, and thus aid in bringing it upon the tax roll and subjecting it to taxation. These statutory provi-

sions, although only incidental to the question, tend in some degree to support the view that corrections may be made after the October settlement following the assessment.

Is the finished product of a manufacturer subject to taxation? This question depends alone upon the interpretation of our statutes, and little aid can be derived from either argument or illustration. The property in question is tangible and subject to ownership, and is, of course, taxable unless it is exempted by force of some statutory provision. The statute provides that "all property in this state, real and personal, not expressly exempt therefrom, shall be subject to taxation in the manner prescribed by this act." (Gen. Stat. 1901, § 7502; Laws 1907, ch. 408.) The legislature defines the word "property," as used in the act relating to taxation, to "mean and include every kind of property subject to ownership." (Laws 1907, ch. 408, § 1.) There being no question as to the existence or ownership of the property spoken of as the finished product, what reason is there for exempting it from taxation? The general theory of the law is that all property shall contribute equally to the support of the government. It is competent for the legislature to exempt property from taxation, but to the extent that one is relieved from this burden it is necessarily imposed on others, and hence before a person can have such a discrimination in his favor he must clearly show it to have been within the legislative purpose. The policy of our law being to tax all property not expressly exempt, it devolves on one claiming to have been relieved from paying his share of the public burden to find and clearly point out an express constitutional or statutory exemption. So it has been said:

"Any person claiming immunity from the common burdens of taxation, which should rest equally upon all, must bring himself clearly within the exemption; and hence it is held that a provision creating an exemption should be strictly construed." (*Ottawa University v. Comm'rs of Franklin Co.*, 48 Kan. 460, 464.)

(See, also, *Washburn College v. Comm'rs of Shawnee Co.*, 8 Kan. 344; *Stahl v. Educational Assoc'n*, 54 Kan. 542; *National Council v. Shawnee County*, 63 Kan. 808; 1 Cooley, Tax., 3d ed., p. 356.)

Now, we have a provision enumerating the articles and classes of property that are exempt, and the finished product of manufacturers is not among those named. (Laws 1907, ch. 408, § 2.) It is contended that the statute providing that all property not expressly exempt shall be subject to taxation is qualified by the added clause, "in the manner prescribed by this act." (Gen. Stat. 1901, § 7502.) The argument is that this clause in effect limits taxation to the kinds of property specially named in the act; that the finished product can not be taxed until it is named as one of the subjects of taxation, and that up to this time the legislature has omitted to make provision for taxing it. It has provided a method for taxing the raw material which the manufacturer has on hand, and since the manufactured product was not included in this provision it is argued that the legislature did not intend that it should be taxed. The clause referred to relates to the method of imposing taxes upon property already declared to be subject to taxation. It is not a limitation on the declaration that all property not expressly exempted shall be subject to taxation. It deals with methods, not subjects, of taxation. Various methods are prescribed for the assessment and taxation of the different classes of property. The act prescribes one method for listing and assessing the property of banks, another for the property of merchants and certain property of manufacturers, another for telegraph and telephone property, and still others for railroad and other kinds of property, and as to the property for which no special manner is prescribed as to listing and valuation there is a general rule that all property shall be listed and valued as of the first day of March. (Gen. Stat. 1901, § 7514.) Then there are many provisions prescribing

in detail the duties of owners as well as assessors and other taxing officers respecting the assessment and collection of taxes. As to manufacturers, it is provided that when they list their property for taxation they shall also return the average amount of material purchased or held to be used in manufacturing, refining or combining which they have had on hand during the preceding year. This is to be ascertained by taking the amount on hand in each month and dividing the aggregate by the number of months of the year they have been engaged in business. (Gen. Stat. 1901, § 7545.) Another section specially provides that they shall list the value of engines, tools and machinery which form no part of the real estate. (Gen. Stat. 1901, § 7546.) The fact that the legislature prescribes a special manner for taxing the raw material held for manufacturing purposes does not mean that other tangible property of the owner shall escape taxation. Except as limited by the constitution, the whole matter of taxation is within the discretion and power of the legislature. It may choose its own methods of assessment, and different ones for different classes of property. It may give specific directions as to the manner in which officers shall determine valuations, but the absence of such directions as to a class of property does not argue that such property is not taxable under a general provision. (*The State ex rel. Milwaukee Street R. Co. v. Anderson,* 90 Wis. 550.) The section providing a method for assessing raw material proceeds on the theory that the manufacturer shall list his other property. The fact that a manner of valuing one kind of property is prescribed does not warrant the inference that another kind of property shall be exempt from taxation. The provision that all property shall be taxed unless expressly exempted precludes the making of a mere implied exemption. Reference has been made to the statutes and rules of Ohio and some other states, but none of them is of special value in interpreting our own statute. The

property, not having been expressly exempted, must be listed and valued the same as other tangible property for which a special method has been prescribed.

On the questions submitted on the pleadings it must be held that mandamus is a proper remedy to compel the entry on the tax rolls of omitted property, that such corrections and entry may be made after the tax rolls are turned over to the county treasurer, and that the finished product of a manufacturer is subject to taxation.