## BOARD OF EQUALIZATION OF OKLAHOMA COUNTY et al. v. BROADWAY DEVELOPMENT CO.

No. 27290.    Opinion Filed Dec. 1, 1936.

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., for plaintiffs in error.

Bliss Kelly, for defendant in error.

GIBSON, J.   This action was commenced in the district court of Oklahoma county by Broadway Development Company for a writ of mandamus directed to the board of equalization of said county commanding said board to receive petitioner's written protest of an alleged increase in the assessment of its real estate and to hear and determine the same.   The board of equalization prosecuted this appeal from an adverse judgment on its general demurrer to the petition.

The parties in error are referred to herein as defendant and plaintiff, respectively.

The petition discloses that the property here involved is an incompleted structure located in Oklahoma City, and that said property was returned for regular biennial assessment as of January 1, 1935, for the tax years 1935-1936 and 1936-1937, and, after certain legal controversy, was assessed at $75,000.

Thereafter, on May 28, 1936, plaintiff discovered that the valuation of said incompleted structure for the year 1936, or the value of additional improvements placed thereon during the year 1935, had been changed, altered, and increased upon the records of the county assessor to a total valuation of $450,000 as of January 1, 1936, for the purpose of taxation for the tax year 1936-1937.

On the same day the foregoing discovery was made, May 28, 1936, plaintiff appeared before the defendant board and requested permission to file a protest and to be heard thereon.   Written protest and request that the assessment be corrected was filed with the secretary of the board on May 29, 1936. Immediately thereafter said secretary, at the request of the chairman of the defendant board, refused said written protest and erased therefrom the filing mark theretofore placed thereon.

On June 1, 1936, which was Monday, and the day provided by law for the board of equalization to end its session (secs. 6 and 13, ch. 115, S. L. 1933), the plaintiff with its attorney and witnesses appeared at the office of the defendant board and again demanded a hearing and an opportunity to file its protest, but was refused.

It is further alleged that plaintiff was furnished with no notice of the increased or additional asssesment and that it had been provided with no assessment sheets.

A copy of the protest is attached as a part of the petition in the instant case, and contains approximately the same allegations as the petition with reference to the increased or additional assessment.

The present action was commenced in district court June 1, 1936, whereupon alternative writ issued, returnable June 2, 1936. On June 4th, defendant filed its demurrer to the petition and response to the writ. The demurrer was heard and overruled, and, upon defendant's election to stand thereon,

judgment was entered for plaintiff and peremptory writ issued.

The foregoing action of the court is assigned as error.

As its first proposition, defendant says that the assessment here involved was an original arbitrary assessment made so by reason of the neglect and refusal of plaintiff to make a 1936 return of the added improvements placed on the structure in 1935, which return is required by law, and that no notice of that character of assessment is required before the same is extended on the tax rolls.

Defendant here assumes the position that, since the action of the assessor constituted an original arbitrary assessment, one made in the absence of a return by the taxpayer for the year 1936, the plaintiff is without remedy before the equalization board, and that the petition in disclosing these facts is rendered fatally defective on demurrer. In this connection it is asserted that the board of equalization is restricted to hearings on protest involving the one proposition where the assessor or the board increases "the valuation of any property above the value returned by the taxpayer," as provided in section 7, ch. 115, S. L. 1933; and here no such return was made for 1936 for the improvements placed on the structure during 1935.

For purposes of reviewing the judgment in the instant case we must take the facts from the allegations of the petition, and from those facts we are to determine whether, under the applicable statutes, the plaintiff was entitled to a hearing on its protest before the board. It says in its petition that the increase of assessment was made in 1936 on account of alleged improvements placed on the structure in 1935, and that no additional improvements were placed on the structure in 1935. If plaintiff's petition states a cause of action, that cause must be embodied in those facts.

Under the statutes of this state, real property is listed and assessed for taxation only on each odd-numbered year for ad valorem taxation for the two succeeding years. Sections 1 and 2, ch. 115, S. L. 1933. We are aware of no statute requiring the taxpayer to make return of such property at any other time.

By returning its property for assessment as of January 1, 1935, the plaintiff fully complied with its statutory duty with respect to the assessment for the years 1935 and 1936.

The increased valuation of that assessment as here complained of was added by the assessor under authority of section 1, ch. 115, S. L. 1933, which provides:

"All taxable property shall be listed and assessed each year at its fair cash value estimated at the price it would bring at a fair voluntary sale in the name of the owner thereof on the first day of January of each year, * * * provided, that real property shall be listed and assessed biennially on each odd-numbered year and the valuation so fixed on real property on the odd-numbered years shall not be changed on the even-numbered year, except by the State Board of Equalization, and except as hereinafter otherwise provided. * * * When any improvements of buildings having value are placed upon real estate after the date of the biennial assessment, the value of such real estate as increased by said improvements shall be added by the county assessor to the assessed valuation for the next ensuing year. * * *"

Section 7 of the 1933 act, under which the plaintiff sought its remedy before the defendant board, provides in part as follows:

"In any case where the county assessor or the county board of equalization shall increase the valuation of any property above the value returned by the taxpayer, the secretary of the county board of equalization shall notify by mail the person in whose name any such property is listed, giving the amount of such valuation as increased."

The section further provides for notice to the taxpayer and hearing before the board of equalization, and appeal.

The plaintiff did return its property and the value thereof for 1936 at the time and in the manner required by law, and the county assessor increased that valuation so returned by adding the value of the alleged improvements to "the assessed valuation" as fixed by the return of the taxpayer. Regardless of the reason assigned for increasing the valuation of the property above the value returned by the taxpayer, if that value is so increased, the remedy of the taxpayer is found in section 7, supra. That section makes no distinction as to the reasons for the increased valuation.

In G. A. Nichols, Inc., v. Bonaparte, 176 Okla. 100, 54 P. (2d) 1042, when considering an assessment of this character, we said that the same was "in the nature of an original or primary assessment." We do not now intend to say that it is not. The increase was for alleged improvements, or property that may be said to have come

into existence between the assessment days of 1935 and 1936. The fact remains, however, that the act of the assessor constituted an "increase" of the valuation "above the value returned by the taxpayer," and the only return required in the instant case, and therefore presents a situation falling squarely within the purview of section 7 of the 1933 act.

Defendant has called our attention to section 12595, O. S. 1931, in an effort to show that the board of equalization, in cases where the assessment is arbitrarily made by the assessor, is without authority to reduce such assessment. The section is intended to apply only where the assessor has demanded a return from the taxpayer. No such demand was made in the instant case, and therefore the section cannot apply here.

Defendant says the alternative writ of mandamus was improvidently issued by the trial court on the day fixed by law (sec. 6, ch. 115, S. L. 1933) for the board's adjournment, and that the court erred as a matter of law in making the alternative writ peremptory on June 4, 1936.

Section 6, ch. 115, S. L. 1933, provides that the board of equalization shall hold its sessions annually commencing on the fourth Monday in April and ending not later than the first Monday in June. In this case the first Monday in June fell on the first day of the month. The plaintiff in due season sought its remedy before the board and was refused a hearing. The trial court issued the alternative writ and the same was served while the defendant board was yet in legal session. The writ was returnable June 2d, which was subsequent to the day fixed by law for ending the session of the board, but the board did not see fit to answer until June 4th. Under such circumstances, we are unable to find merit in the position here taken by defendant. Although its session had expired by law, it is not precluded thereby from considering and determining matters properly before it. Our statute does not relieve it of that duty. This conclusion is to some degree sustained in 61 C. J. page 891, wherein it is said:

"Where a board of assessors delays passing on a petition for abatement without excuse, thus depriving the petitioner of the right to appeal from its decision, such board cannot question the court's jurisdiction to issue the writ to compel the consideration of the petition."

And we are fully sustained by the text in 18 R. C. L. 290, wherein it is stated in effect that an officer charged with correction of assessments is not justified in "setting up the excuse in a mandamus proceeding that the time fixed by statute to correct an assessment or to enter omitted property on the tax rolls has passed, when it was his own failure to perform the duty within the statutory time which made it necessary to bring the mandamus proceeding." State v. Holcomb, 81 Kan. 879, 106 P. 1030, 28 L. R. A. (N. S.) 251.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BUSBY, WELCH, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., and RILEY and BAYLESS, JJ., absent.