STATE ex rel. HANING et al. v. DEPT. OF PUBLIC WELFARE et al.

No. 35457. June 10, 1952.

*245 P. 2d 452.*

584

James F. Haning, Wewoka, and Tom Stevens, Shawnee, pro se.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for defendants.

PER CURIAM. In this action it is plaintiffs' contention that the defendants in violation of the Oklahoma Social Security Act have wrongfully withheld and failed to pay out funds up to the. amount on hand and up to the amount appropriated for the following specific purposes, to wit: For assistance to needy aged persons qualified by law to receive such aid; for assistance to needy blind persons qualified by law to receive such assistance; for assistance to crippled children qualified by law to receive such assistance; for assistance to dependent children qualified by law to receive such assistance; for maintenance of the child welfare division provided for by law; and for assistance to needy permanently and totally disabled persons qualified by law to receive such assistance. This action seeks as in mandamus to require the defendants generally to increase payments for said purposes and

to disburse and pay out the full amount on hand percentagewise and the full amount appropriated for the aforesaid relief purposes.

It is the theory and contention of the defendants that they have in good faith intended to pay out approximately the sums on hand and appropriated for each such purpose, and that no general order as in mandamus is necessary.

Title 56, §181a, O.S. 1952, provides as follows:

"From all moneys accruing to the State Assistance Fund under the provisions of this Act, there is hereby appropriated the following sums:

"(1) Seventy-five per cent (75%) thereof is hereby appropriated for the payment of assistance to the needy aged persons qualifying for assistance under subsection (a) of Section 4 of the Oklahoma Social Security Act.

"(2) Two and one-half per cent (2½%) thereof is hereby appropriated for the payment of assistance to the needy blind persons qualifying for assistance under subsection (b) of Section 4, of the Oklahoma Social Security Act.

"(3) Three-fourths of one per cent (¾ of 1%) thereof is hereby appropriated for payment of assistance to crippled children qualifying under subsection (c) of Section 4 of the Oklahoma Social Security Act.

"(4) Fifteen and one-quarter per cent (15¼%) thereof is hereby appropriated for payment of assistance to dependent children qualifying for assistance under subsection (d), Section 4 of the Oklahoma Social Security Act.

"(5) One-half of one per cent (½ of 1%) thereof is hereby appropriated for payment of salaries, aid and expenses necessary for the Child Welfare Division provided for in Section 16 of the Oklahoma Social Security Act.

"(6) Three per cent (3%) thereof is hereby appropriated for payment of assistance to needy permanently and totally disabled persons qualifying for assistance under 56 O. S. 1951 §164, Subsection (e), as amended, provided,

however, that for the fiscal year ending June 30, 1952, not to exceed one per cent (1%) of said three per cent (3%) may be used by the Department for paying costs of medical expenses and physical examination incurred in processing applications for assistance under this subsection.

"(7) Three per cent (3%) thereof or so much of said three per cent (3%) as may be required in the administration of this act under the rules and regulations as may be promulgated by the Federal Government for a cooperative administration of the Social Security System in Oklahoma is hereby appropriated for payment of the cost of administration of the Oklahoma Social Security Act, including the costs of administration of the Old Age and Survivors Insurance Program in this State, as authorized by Section 218 of Title II of the Federal Social Security Act, as amended, and Title 56, Chap. 7, page 375, O.S.L. 1949, and including salaries, wages and all other necessary administration costs. The Oklahoma Public Welfare Commission may supplement any part or all of the above appropriations by reallocating any unused part of the three per cent (3%) of the funds not needed for administration at the discretion of said Commission."

We have considered the pleadings and exhibits of the parties and have heard the cause in oral argument. It is apparent that the defendants have not made payments to the full extent authorized by appropriation and funds on hand. However, it is equally apparent that the defendants have not willfully failed so to do, and that they have not willfully violated any requirement in this regard.

It is shown that at or about the time this suit was filed there was some increase in payments and it is shown that since this action was filed the defendants have further increased the payments made to and for the foregoing relief purposes.

It is shown that it is not practical or physically possible each month to pay out the fixed percentage, no more or no less, in the exact percentage prescribed by the applicable legislation.

The defendants cannot pay out in excess of the amount available and appropriated. It is their duty under the law to so make and apply their calculation as to pay out for each such purpose the percentage therefor as specifically provided by the applicable legislation. Showing is made that defendants have not approached that percentage in the various expenditure purposes as closely as might have been done, and this has resulted in smaller payments to the clients and recipients than might have been made. The difference, however, is not a large one. Thus a closer following of the legislative mandate would result in some slight increase to the recipients of these payments, and we are persuaded that even slight increases are needed and deserved and by reason of the legislative mandate they should be paid.

We definitely find that there is no intent on the part of the defendants to wrongfully withhold any such payments in full amount, or to wrongfully reduce any such payments, or to willfully and wrongfully lag behind in the disbursing of the full percentage prescribed by the Legislature to be paid for each such relief purpose.

On the whole, we find that the defendants are now actually increasing payments, and we are persuaded that without further coercion, the defendants will continue, in a good faith effort and purpose, to wholly comply with the legislative requirements and to fully pay out up to the expressed percentages prescribed by the Legislature as nearly as that can possibly and practically be done.

The rule is well settled in this jurisdiction that in considering an action in mandamus against such public officials this court may exercise its judicial discretion in granting or denying the writ, and may in a proper case withhold the writ in anticipation of good faith performance of the declared statutory

duty. See Board of Education of City of Guthrie, Logan County, v. Excise Board of Logan County, 86 Okla. 24, 206 P. 517; Webster v. Morris, Co. Treas., 129 Okla. 145, 264 P. 190; State ex rel. St. Louis-S. F. Ry. Co. v. Boyett et al., 183 Okla. 49, 80 P. 2d 201; Excise Board of Tulsa County v. City of Tulsa, 180 Okla. 248, 68 P. 2d 823, and Excise Board of Tulsa County v. Board of Education City of Tulsa, School Dist. No. 22, 180 Okla. 251, 68 P. 2d 827.

We are convinced that this rule has application here under the existing circumstances which are fully shown and which need not be set out in more detail in this opinion.

Therefore, while it is made to appear that the defendants in the past have not fully and exactly complied with the legislative mandate, yet, upon the showing that defendants are making good faith effort to do so, and that now defendants are already paying out approximately the stated percentages each month, or will in the immediate future, and continuously thereafter, make disbursements as nearly as possible up to the exact stated percentages, and upon the findings and conclusions above stated, it is our decision that a writ in mandamus is not now necessary, and that the writ in mandamus should be withheld.

Writ in mandamus withheld for the reasons stated.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.