STATE of Oklahoma ex rel. William F. POULOS, Petitioner,

Tulsa County Area Vocational-Technical School District No. 18 et al., Intervenors,

v.

**STATE BOARD OF EQUALIZATION,** Respondent.

No. 48202.

Supreme Court of Oklahoma.

April 21, 1975.

John McCune, Tulsa, for petitioner.

Louis Levy, Tulsa, for intervenor, Tulsa County Area Vocational-Technical School District No. 18.

Fagin, Hewett, Mathews & Fagin, by Eugene Mathews, Oklahoma City, for intervenor, Oklahoma Education Assn, Inc.

Jerry L. Smith, Tulsa, for intervenor, Bruce P. Dougherty.

Larry Derryberry, Atty. Gen., by James H. Gray and Donald B. Nevard, Asst. Attys Gen., for respondent.

HODGES, Vice Chief Justice.

This is an Application to Assume Original Jurisdiction, and for a Writ of Mandamus because of the failure of the State Board of Equalization (Board) to adjust and equalize the valuation of real and personal property throughout the counties of the State of Oklahoma.

It is asserted by the petitioner that the Board has not ordered the equalization of the value of real and personal properties of the several counties since 1960, and that the Board has not complied with its clear constitutional and statutory duties since that time. The petitioner is not requesting that the Board be compelled to act in any certain manner to equalize the value of the property according to any formula. The complaint is that the Board has not taken any affirmative action, and that it is required to equalize, correct, and adjust the assessments between the counties on an annual basis.

The Oklahoma Constitution Art. 10 § 21 provides:

There shall be a State Board of Equalization consisting of the Governor, State Auditor, State Treasurer, Secretary of State, Attorney General, State Inspector and Examiner, and President of the Board of Agriculture. The duty of said Board shall be to adjust and equalize the valuation of real and personal property of the several counties in the State, and it shall perform such other duties as may

be prescribed by law, and they shall assess all railroad and public service corporation property.

This duty is likewise imposed by statute, 68 O.S.1971 § 2463:

The Governor, State Auditor, State Treasurer, Secretary of State, Attorney General, State Examiner and Inspector and President of the Board of Agriculture shall constitute the State Board of Equalization, and said State Board of Equalization must hold a session at the Capitol of the State, commencing at ten o'clock a. m. on the fourth Monday in June of each year for the purpose of equalizing the property of the several counties. The State Auditor shall, not later than the third Monday of June, notify all other members of said Board of the time and place of said annual session as herein required. The Governor shall serve as chairman and the State Auditor shall serve as secretary of said Board, and a vice-chairman shall be elected from the other members. In case of the absence or failure of said chairman and secretary, or either of them, to so act on the fourth Monday of June, any four or more members thereof shall proceed on said date to conduct the Board's session and carry on its work as herein required, provided, that any official action by said Board shall require approval by a majority of all members of the Board. It shall be the duty of said State Board to examine the various county assessments and to equalize, correct and adjust the same as between the counties by increasing or decreasing the aggregate assessed value of the property or any class thereof, in any or all of them, to conform to the fair cash value thereof as herein defined, and to order and direct the assessment rolls of any county in this State to be so corrected as to adjust and equalize the valuation of the real and personal property of the several counties; provided, that no change in the assessed valuation of any county in this State shall be binding until ten days notice of

said change shall have been given the Board of County Commissioners of said county and an opportunity given for a hearing on said change.

■ The legislature has recognized that a system which does not equalize ad valorem assessments throughout the state is unfair and invidiously discriminatory. It is provided by the School Code of 1971, 70 O.S.1971 § 18–102:

The Legislature recognizes that it would be unfair to the taxpaying citizens of the state to base a system of state financial aid to schools upon the amounts of local ad valorem taxes collected for education as this act does without equalizing ad valorem assessments throughout the state. It is the intention of the Legislature to equalize ad valorem assessments so that every parcel and item of taxable property in the state will be assessed at the same percentage of its fair cash value. * * *

■ The duties of the Board are mandatory. It is provided by 68 O.S.1971 § 2476:

The provisions of this Code relating to the duties of various officials, and the time within which such duties shall be performed, are hereby declared to be mandatory; and the failure of any such official, board or commission, to perform the duties prescribed herein, within the time specified, shall subject them to removal from office for neglect of duty; and they shall receive no remuneration, compensation or salary for their services, after the time herein fixed for the performance of such duties and until the same shall have been completed or performed. Each of them shall also be subject to a penalty of Five Dollars ($5.00) per day for each day's delay for such neglect or failure; and it shall be the duty of the County Attorney as to county officers, and the Attorney General as to state officers, to institute proper action to collect any such penalty; provided, that the validity of any assessment or

levy shall not be affected because of any insufficiency, informality or delay in the performance of any duty imposed upon any official, Board or Commission.

The Oklahoma Constitution, Article 10 § 8 also provides that any officer authorized to assess values or subjects for taxation who shall commit any wilful error in the performance of his duty shall be deemed guilty of malfeasance, and upon conviction thereof shall forfeit his office and be otherwise punished as may be provided by law.

The Oklahoma Constitution Article 10 § 8 dictates that property cannot be assessed at more than thirty-five percent of its fair cash value. In 1960, the Board determined that the state average should be approximately 20%. Since that time, the disparity between the counties has reached an incredibly disproportionate ratio.

The Board alleges that the application for the writ is premature; that there is a legal presumption that public officials and boards will perform their legal duty; and that petitioner has not exhausted his administrative remedies pursuant to 68 O.S. 1971 § 2468. The petitioner counters by alleging that the Board has failed to act for fourteen years, and that to expect them to act this year is futile.

The matter presented is publici juris, and of immediate concern to all taxpayers. It is apparent from the exhibits presented before this court that the assessments made by the Board do not meet the constitutional and statutory requirements as to equalization. Any further delay will only compound the failures of the past. Under such circumstances, this court will not be saddled by the usual statutory procedures of administrative remedies. The exigency of time demands our immediate action. In awarding or denying writs of mandamus, courts exercise judicial discretion and are governed by what seems necessary and proper to be done under the facts of each case for the attainment of justice. *Austin v. State Board of Education,* 407 P.2d 218 (Okl.1972).

Although a precise uniformity is not required, [see *The Board of County Commissioners of Canadian County v. State Board of Equalization,* 363 P.2d 242 (Okl.1961)], a rate which is inherently and basically fair to all citizens is mandated by the Constitutions of the United States and the State of Oklahoma. It is patently clear that to meet the standards of the Constitutions and of the statute, the adjustment and equalization of the valuation of real and personal properties of all the several counties of this state must be made on an annual and uniform basis.

It should be noted that a complete adjustment (for example, a 300% increase) in one year may work an undue hardship on citizens of some counties. Therefore, perhaps, a more reasonable and practical approach should be utilized. For this reason, the Board may desire to set a gradual adjustment on an annual basis in order to lessen the initial shock to the taxpayer.

The rule is well settled in this jurisdiction that in considering an action in mandamus against public officials, this court may withhold the writ in anticipation of their good faith performance of the declared statutory duty. *State v. Dept. of Public Welfare,* 206 Okl. 583, 245 P.2d 452 (1952).

In view of the fact that the Board as presently constituted has not had an opportunity to meet, and having confidence of its good faith performance, we assume original jurisdiction, but withhold the issuance of a writ. The issuance of a Writ of Mandamus is therefore held in abeyance pending the meeting of the Board on June 23, 1975, in anticipation that its action at that time will render the writ unnecessary.

WILLIAMS, DAVISON, IRWIN, BERRY, LAVENDER, BARNES and DOOLIN, JJ., concur.

SIMMS, J., concurs in part, dissents in part.

SIMMS, Justice, concurring in part, dissenting in part.

While I wholly concur in that part of the majority opinion whereby this Court assumes original jurisdiction, I respectfully dissent to this Court's holding in abeyance the issuance of the peremptory writ of mandamus.

The majority anticipates good faith performance by the State Board of Equalization of their mandatory constitutional and statutory duty. Unquestionably, this anticipation is founded upon the long recognized legal presumption that public officers will perform their public duties in accordance with their trust.

Either oversight or inaction on the part of the Board since 1960, as distinguished from the new members thereof, renders this presumption nugatory.

If the majority believes the Board will now perform in accordance with the Constitution and statutes, we should deny mandamus.

I submit we should adjudicate the matter now before us to finality and issue the writ of mandamus.