Gary J. **CASTRO** and Mary Lee Castro, Appellees,

v.

George C. **KEYES**, the duly elected Assessor of Oklahoma County; Joe B. Barnes, the duly elected Treasurer of Oklahoma County; and, the Oklahoma County Board of Tax Roll Corrections, Appellants.

No. 73098.

Supreme Court of Oklahoma.

June 30, 1992.

---

**18.** *See infra* note 1.

Robert H. Macy, Dist. Atty., Marc S. Pate, Asst. Dist. Atty., Oklahoma City, for appellants.

William O. West, William O. West, B.S., J.D., Inc., Edmond, for appellee.

SUMMERS, Justice.

In 1987 Oklahoma County underwent mandatory revaluation of real property for ad valorem tax purposes. This case is one of many in which a taxpayer's protest as to the increased valuation could not, by reason of the sheer number of such protests on file, be reached for action by the County Board of Equalization until after the statutory date of adjournment for that Board.[1] Today we hold that a County Board of Equalization possesses authority to adjudicate a timely filed taxpayer protest even though the decision of the Board occurs after the statutory date for adjournment. It therefore follows that a certificate of valuation issued by a County Board of Equalization after the statutory adjournment date and in response to a taxpayer complaint before the board constitutes a proper certificate authorized by law for correction of the tax rolls.

The Castros purchased land and developed it for use as a roller skating rink. In 1986 its assessed value for ad valorem tax purposes was $428,655.00. Then they were notified that beginning in 1987 the property would be valued at $837,500.00, a ninety percent increase. In May of that year the Castros filed a timely protest as to the increased valuation, and requested a hearing before the Oklahoma County Board of Equalization pursuant to 68 O.S.1985 Supp. § 2460.[2] The statute governing the Oklahoma County Board of Equalization provided that its session shall "end not later than the third Monday in September".[3] The

---

1. We described the Oklahoma County situation in *State ex rel. Independent School Dist. No. 1 v. Barnes,* 762 P.2d 921, 922–923 (Okla.1988).

2. Section 2460 was repealed by Laws 1988, c. 162, § 165; Laws 1991, c. 249, § 4, eff. Jan. 1, 1992. The present procedure for a taxpayer complaint with the assessor and appeal to the

equalization board is described in 68 O.S.1991 §§ 2876, 2877.

3. 68 O.S.Supp.1985 § 2459, repealed by Laws 1988, C. 162, § 165, effective January 1, 1992, stated in part:

The county boards of equalization shall hold sessions commencing on April 1, or the

Equalization Board, being inundated with protests, continued its work beyond that date and heard the Castros' protest on December 22, 1987. Its decision was to reduce the assessed valuation from $837,-500.00 back to the former figure of $428,-655.00, and the Castros were so notified. (The Equalization Board finally adjourned its session on January 21, 1988.)

Plaintiffs paid the first one-half of their ad valorem taxes by December 31, 1987, and awaited correction of the assessment pursuant to a Certificate of Valuation as ordered by the Equalization Board. Neither the County Treasurer or Assessor corrected the assessed value. The Assessor was authorized to appeal the decision of the Equalization Board under 68 O.S.1981 § 2461 but did not so do.

The Castros then determined that the Oklahoma County Assessor had decided to treat the Equalization Board's hearings after the third Monday of September, 1987 as invalid. Their next step was to seek relief from the Board of Tax Roll Corrections under 68 O.S.1981 § 2479,[4] and thus they requested correction of the certified 1987 tax roll to that as reduced by the Equalization Board. The Board of Tax Roll Corrections heard the matter on Oct. 17, 1988, first "placed the matter on indefinite hold," and then, on January 20, 1989, denied the Castros' complaint.

The Castros had also brought a District Court action in August of 1988 requesting writs of mandamus to the County Assessor and the County Treasurer ordering them to correct the 1987 tax assessment as ordered by the Equalization Board. After the final Board of Tax Roll Corrections decision, the Castros also appealed from and sought a writ of mandamus against the Board of Tax Roll Corrections to compel correction of the 1987 tax assessed value on the Cast-

ros' property as ordered by the Equalization Board. The cases were consolidated in the District Court, set for trial, taken under advisement, and on April 12, 1989, the trial court pronounced a decision in favor of the Castros and issued the requested writ.

The Assessor, the Treasurer, and the Board of Tax Roll Corrections all appealed. The Court of Appeals, in an opinion ordered released for publication, affirmed. This case is one of several such tax protest cases to have been resolved in the various divisions of the Court of Appeals. The question presented is of considerable public significance. We have therefore granted certiorari even though we come to the same conclusion as the Court of Appeals.

The principal issue is whether the County Board of Equalization may hear a protest beyond the statutory deadline. A secondary issue is the effect of such a decision on the tax rolls. County Equalization Boards are empowered to equalize, correct, and adjust the assessed valuation of real property for the tax assessment rolls. 68 O.S.Supp.1985 § 2459.[5] *Tulsa County Bd. of Equal. v. School Dist. No. 1,* 743 P.2d 1076, 1078 (Okla.1987); *Cantrell v. Sanders,* 610 P.2d 227, 229 (Okla.1980). The time for these boards to hold sessions is set by the statute, 68 O.S.Supp.1985 § 2459, to which we have referred. The Treasurer, Assessor, and Tax Roll Correction Board argue that the time set by statute is jurisdictional, and that acts of the Equalization Board taken after the statutory adjournment date were void. They then argue that by reason of this lack of authority any certificate of authority issued by the Equalization Board after the statutory adjournment date may not be used by the Board of Tax Roll Corrections to correct an assessment. On the other hand, the taxpayers claim that our prior opinion in *Board of*

---

first working day thereafter, and ending not later than May 31, for the purpose of equalizing, correcting, and adjusting the assessment rolls in their respective counties to conform to the fair cash value of the property assessed, as defined by law. Provided, further, in counties having an assessed valuation in excess of Five Hundred Million Dollars ($500,000,-000.00), said sessions shall commence on the

fourth Monday in January and end not later than the third Monday in September.

4. Section 2479 was repealed by Laws 1988, C. 162, § 165; Laws 1991, c. 249, § 4, eff. Jan. 1, 1992, and the present version is codified at 68 O.S.1991 § 2871.

5. The present version of § 2459 is codified at 68 O.S.1991 § 2863.

*Equalization Okla. County v. Broadway Development Co.*, 178 Okla. 266, 62 P.2d 1010 (1936) controls, and that the later passage of the statutory adjournment date did not deprive the board of its power to act.

In *Broadway Development* we said that the Board of Equalization was required to consider and determine matters properly before it although the statutory time for the Board to meet had expired. *Id.* 62 P.2d at 1012. In that case the Board had pled a defense to an action for a writ of mandamus based on the expired statutory time limit. We rejected that defense, saying that "such Board is not justified in setting up the excuse that the time fixed by statute to correct the assessment has expired when its own failure to perform its duty within the statutory time made mandamus proceedings necessary." *Id.* 62 P.2d at 1010 (Syllabus by the Court). Our opinion cited and relied on *State ex rel. Taggart v. Holcomb*, 81 Kan. 879, 106 P. 1030 (1910) which said that "An officer cannot by failure to perform a duty nullify the statute imposing it nor defeat the public in compelling performance where it takes reasonably prompt action to enforce performance." *Id.* 106 P. at 1032. Our holding in *Broadway Development* clearly required an Equalization Board to resolve timely filed administrative complaints, even though such resolution would occur after the statutory time limit for the Board to meet, and that holding was consistent with our prior interpretation of the duties of tax officials. See *Prairie Oil & Gas Co. v. Cruce*, 45 Okl. 744, 147 P. 152, 155 (1915), wherein we described the relevant statutes as directory and not mandatory, and not amounting to a limitation on the powers of the officials. See also *Greer County Excise Bd. v. Lowden*, 177 Okla. 7, 57 P.2d 612, 615 (1936), where we discussed statutes authorizing preparation and presentation of budgets as generally directory and not mandatory.

Subsequent to these cases the Legislature enacted 68 O.S.1981 § 2476.[6] This statute stated:

The provisions of this Code relating to the duties of various officials, and the time within which such duties shall be performed, are hereby declared to be mandatory; and the failure of any such official, board or commission, to perform the duties prescribed herein, within the time specified, shall subject them to removal from office for neglect of duty; and *they shall receive no remuneration, compensation or salary for their services, after the time herein fixed for the performance of such duties and until the same shall have been completed or performed.* Each of them shall also be subject to a penalty of Five Dollars ($5.00) per day for each day's delay for such neglect or failure; and it shall be the duty of the district attorney as to county officers, to institute proper action to collect any such penalty; provided, that *the validity of any assessment or levy shall not be affected because of any insufficiency, informality or delay in the performance of any duty imposed upon any official, board or commission.* (Emphasis added).

This statute states that the duties of taxing officials as well as the times within which taxing officials are required to act are mandatory. *Cf. State ex rel. Tulsa Classroom, etc. v. Board of Equalization of Tulsa County*, 600 P.2d 861, 863 (Okla.1979), (language describing the "mandatory statutory duties" of an Equalization Board). But whereas a mandatory statutory requirement is sometimes used to describe a jurisdictional requirement, see e.g. *Gulfstream Petroleum Corp. v. Layden*, 632 P.2d 376, 378 (Okla.1981), such is not the case with respect to the Equalization Board's power to act after the statutory deadline. The statute *specifically provides that any delay in the performance of a duty shall not affect the validity of an assessment.* Additionally, this court has not treated the time limitation as jurisdictional. See *State of Okla. ex rel. Poulos v. State Bd. of Equalization*, 552 P.2d 1134 (Okla.1975), wherein we quoted § 2476 and then allowed the state Board of Equalization to

---

6. 68 O.S.1981 § 2476 was repealed by Laws 1988, C. 162, § 165; Laws 1991, c. 249, § 4, eff. Jan. 1, 1992. Now codified at 68 O.S.1991 § 2943.

complete its duties using time in excess of that mandated by statute. *Id.* 552 P.2d at 1137. We conclude that the property re-valuation by the Oklahoma County Equalization Board on December 22, 1987, in response to a timely-filed taxpayer complaint, was not beyond the power of the board. 68 O.S.1981 § 2476.

■ The tax officers also attack the writ of mandamus issued by the trial court directing the Board of Tax Roll Corrections to issue its Certificate of Error effectively correcting the value of the property according to the January 22, 1987 ruling of the Board of Equalization. They cite *Baldwin v. Board of Tax Roll Corrections,* 331 P.2d 412 (Okla.1958), *cert. denied,* 359 U.S. 926, 79 S.Ct. 608, 3 L.Ed.2d 628 (1959), for the proposition that in determining whether certain property is exempt from taxation, the Board is exercising a judicial function as opposed to a ministerial function. The tax officers claim such a function is discretionary, and that Mandamus will not lie to compel the exercise of discretion in a certain way. See *State ex rel. Yakubosky v. Wilson,* 541 P.2d 843, 847 (Okla.1975), and the arguments made therein. Here, however, the Board of Equalization had already reassessed the Castros' property. The Board of Tax Roll Corrections was not called upon to value the property, weigh evidence or exercise discretion. Under 68 O.S.1985 Supp. § 2479, adopted after *Baldwin* was decided, the Board of Tax Roll Corrections has a mandatory *ministerial* duty to correct the valuation on the tax rolls. That section provides:

> *If, upon such hearing, it appears that:*
>
> ....
>
> (8) *Any valuation or valuations assessed and entered are at variance with the valuation finally equalized;*
>
> ....
>
> *then,* in either or any such event, *it shall be the duty of the board of tax roll corrections* to make and the secretary to enter its findings of fact and *to correct such error,* if such exists, by issuing its order, in words and figures, to accomplish such: .... (emphasis added)

Thus if, as here, the assessed valuation is at variance with the valuation *finally equalized,* then the Board of Tax Roll Corrections has no discretion, and "it shall be the duty of the board ... to correct such error."

12 O.S.1981 § 1451 authorizes a district court to issue a Writ of Mandamus to compel the performance of any act which the law specially enjoins as a duty of a board. Our conclusion that the Board of Equalization has authority to equalize and revalue the property beyond the statutory date of adjournment compels the further conclusion that the certificate issued by the Equalization Board was entitled to recognition by the Board of Tax Roll Corrections in order to correct the tax rolls. The trial court correctly issued its Writ of Mandamus. The opinion of the Court of Appeals must be vacated and the order of the District Court is affirmed.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, WATT, JJ., concur.

ALMA WILSON, KAUGER, JJ., concur in result.

OPALA, C.J., disqualified.