In re COMMERCIAL CREDIT CO.

No. 31331. Feb. 1, 1944.

145 P. 2d 750.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, for plaintiff in error.

George S. Turner, County Atty., Hughes County, of Holdenville, for defendant in error.

WELCH, J. The county board of equalization of Hughes county raised the assessed valuation of personal property of the Commercial Credit Corporation, an Oklahoma corporation, and gave notice thereof. The taxpayer made timely appearance and filed its written protest and complaint against such increased assessment. Upon hearing, the equalization board sustained the assessment. (68 O. S. 1941 § 15.41.)

Two days later the taxpayer filed with the county clerk, secretary of the board of equalization, notice of appeal, and thereafter the clerk, as such secretary, filed in the district court the transcript on appeal.

When the matter came on for trial de novo in the district court (68 O. S. 1941 § 15.42) the county attorney filed his general demurrer to the taxpayer's protest and complaint and prayed dismissal thereof. The trial court sustained the demurrer, and upon taxpayer's electing to stand on his protest and complaint, the court entered final judgment dismissing the protest and complaint.

On appeal the taxpayer urges error in that the protest or complaint stated facts sufficient to justify relief from the increase in valuation or assessment.

The judgment of the district court does not indicate any specific ground on which the demurrer was sustained. The county attorney urges the judgment may be affirmed either on the ground that the appeal was not taken in time, or on the ground that the protest or complaint did not state sufficient facts to entitle taxpayer to any relief.

Assuming that a general demurrer is sufficient to direct the court's attention to the time when the appeal is lodged, but not approving that method of presenting the question, we hold that this appeal was lodged in time. It is made the duty of the county clerk as secretary of the board of equalization to preserve and make a record of all complaints and orders of the board, with notice of appeal, that same may be made a part of the transcript on appeal, which appeal is to be filed within ten days after final adjournment of the board. Here the taxpayer filed his notice of appeal two days after the board's order. The board indicated a future date when further hearings would be had and business transacted and when final adjournment would be taken, and in less than ten days after such future date the clerk completed this record and filed it in the district court. It appears,

however, that more than ten days theretofore the board of equalization, completing its work earlier than expected, adjourned, but did not at that time advise its secretary or clerk of such action, neither did he at that time enter any adjournment of record. It is not certain from the record whether the legal adjournment of the board, as affecting the appeal rights of taxpayer, was effective as of the date they finished their work, or the date about two weeks later when they gave information to the clerk that they had completed their labor and had adjourned. The record is clear, however, that the equalization board had no desire to prejudice the appeal rights of taxpayers and sought no advantage by reason of the confusion or uncertainty as to when the board did in fact and in law finally adjourn. We deem further discussion of this point unnecessary.

As to the sufficiency of the taxpayer's protest or complaint, we find that the complaint does contain sufficient allegations to withstand attack by general demurrer. The complaint contains some general assertions by way of conclusions of fact or conclusions of law, which at this time we do not accept or approve, but the complaint contained the definite allegation that complainant did not, on the controlling date, own any such property in Hughes county as was assessed, or any such property which had a taxable situs in Hughes county, or any such property which, although not located in Hughes county, would or might be taxable therein under the provisions of subsection E of section 6, of art. 4, chap. 66, S. L. of Okla. 1939, as amended by section 1 of chap. 33, title 68 S. L. of Okla. 1941. Those allegations, together with several other allegations in the complaint, set up or tender issues of fact to be determined in trial de novo upon the evidence. The trial judge was in error in sustaining a general demurrer to the complaint and ordering the same dismissed.

The taxpayer urges that we should treat the allegations of the complaint as ultimate facts and reverse with direc-

tions to vacate the increase in valuation or assessment of $33,064. We cannot do that. The validity of the assessment in whole or in part depends upon the fact determination to be made in the trial de novo in the district court. The demurrer admits the truth of the allegations, but only for the purpose of the demurrer. Upon overruling of the demurrer there is of course no further admission imposed by reason of the demurrer. In this case there is no stipulation of facts, nor fact determination, upon which we can finally adjudicate the rights and liabilities of the taxpayer as to this increase in valuation or assessment.

The judgment of the trial court is reversed, and the cause remanded, with directions to overrule the demurrer to the protest or complaint, and deny the motion or prayer for dismissal thereof and to proceed in trial de novo.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and OSBORN, JJ., absent.