Albert J. STEKOLL, Appellant,

v.

Orvis J. JONES, Kiamichi Resources,
Inc., a Corporation, Appellees.

No. 51513.

Supreme Court of Oklahoma.

Feb. 23, 1982.

W. Creekmore Wallace, II, Sapulpa, for appellant.

James S. Steph, Okmulgee, for appellees.

HARGRAVE, Justice.

The petitioner, Albert J. Stekoll, hereinafter referred to as the Appellant, seeks certiorari from an unpublished opinion rendered by the Oklahoma Court of Appeals, dismissing the appeal for lack of jurisdiction. Certiorari was granted by this Court. The pertinent facts are as follows:

The appellant owned an oil and gas lease upon property owned by Eugene Jones. On December 17, 1973, the Corporation Commission ordered the appellant to plug the wells on the lease. However, he failed to comply with that order. Pursuant to a Journal Entry of Judgment dated May 8, 1974, the District Court of Okmulgee County ordered the lease cancelled, declaring it to have terminated by its own terms for failure to produce in paying quantities since 1964. The appellant pulled and removed the tubing and rods from the leased premises, but other equipment remained on the lease and was used by subsequent lessees. The appellant filed a petition in the District Court of Okmulgee County on October 18, 1974, to recover the value of his equipment. He claimed that the then present lease owners would not allow him to enter the premises, either to remove his equipment or to plug the wells in question. The defendant, hereinafter referred to as the appellee, filed a cross petition for the costs of cleaning and clearing the land. The District Court held for the defendant, ruling on February 15, 1977, that the appellant was ordered to plug the wells and clean the premises within

sixty days. In the event that the appellant failed to do so within this period, the appellee would be awarded a judgment for $6700.00 and all the equipment left on the lease.

At the end of the sixty-day period, the appellant had not completed the work. On August 3, 1977, upon the appellee's motion, the District Court entered judgment against the appellant in the amount of $6700.00 for his failure to complete the plugging within the prescribed period. The appellant filed his Motion for New Trial on August 10, 1977, which was overruled on September 13, 1977. On October 11, 1977, the appellant filed his Petition in Error to appeal, and his appeal was dismissed by the Court of Appeals August 28, 1979. Petition for Rehearing was denied by that Court October 23, 1979.

The Court of Appeals based its dismissal upon its belief that the February 15, 1977 ruling of the District Court was a final judgment and that the appeal was not timely. Another reason cited by that Court was the fact that the appellant apparently accepted the validity of the February, 1977 judgment, thereby waiving his right to appeal. However, we do not consider the order rendered by the trial court on February 15, 1977 a final judgment and find that the Court of Appeals was in error in dismissing the appeal.

A judicial announcement of what judgment might be rendered under specified circumstances yet to occur is not a judgment. *Lawrence v. Cleveland County Home Loan Authority*, 626 P.2d 314 (Okl. 1981); *Porter v. Tayer*, 385 P.2d 808, 815 (1963); *Foreman v. Riley*, 88 Okl. 75, 211 P. 495 (1923). In the case before us, it was necessary for the District Court to make a finding at the end of the sixty days in question and then render a judgment. The court was aware that if the appellant failed to plug within the time ordered, the appellees would be faced with that job, as well as with the expense for doing so. Until the time passed, it was not certain which party would ultimately plug the wells and clean the premises. The tenor of the Journal Entry from the trial (O.R. 18, 19) proves to us that the judgment was not final until the termination of the sixty day period.[1]

This analysis is in accord with prior authority from this jurisdiction. *Thornburgh v. Ben Hur Coal Co.*, 203 Okl. 553, 224 P.2d 249 (1950). In that cause a judgment providing for a cancellation of a mineral lease unless lessee was producing coal from the lease within ninety days was entered. This Court held that judgment not to be a final order. See also *Consumers Oil & Refining Co. v. Bilby*, 91 Okl. 282, 217 P. 484 (1923).

For the foregoing reasons we hold that the appellant timely filed his appeal. We reverse and remand this case to the Court of Appeals for decision.

REVERSED AND REMANDED TO COURT OF APPEALS FOR DECISION.

IRWIN, C. J., BARNES, V. C. J., and HODGES, SIMMS, DOOLIN and OPALA, JJ., concur.

---

1. This is not to say that the order could not have been appealed prior to the 60-day period under 12 O.S.1971 § 952(b) 2 & 3.