OKLAHOMA NITROGEN CO., Appellant,

v.

Tom LUCAS, Treasurer of Woodward
County, State of Oklahoma,

and

J.L. Cory, Assessor of Woodward County,
State of Oklahoma, Appellees.

No. 56962.

Supreme Court of Oklahoma.

Dec. 14, 1982.

J. Denny Moffett, Conner, Winters, Ballaine, Barry & McGowen, Tulsa, for appellant.

L. Jack Barton, Dist. Atty., Crieg Rittenhouse, Asst. Dist. Atty., Woodward, for appellees.

BARNES, Vice Chief Justice.

We are presented in this case with the question of whether a taxpayer who has been assessed and who has paid taxes without protest under a system of ad valorem taxation which is unconstitutional, may seek relief under 68 O.S.1971 § 2479 or is limited to an action under 68 O.S.1965 § 2469? Under the facts of this case we affirm the court below and hold that appellant must bring its action under § 2469.

Oklahoma Nitrogen Company, appellant, is and was on January 1, 1979, the owner of certain real property and improvements in Woodward County, Oklahoma. Tom Lucas, appellee, was the County Treasurer and J.L. Cory, appellee, was the County Tax Assessor.

Appellant's property was assessed on the above date at ratios ranging from 14 percent to 25 percent of its market use value, resulting in taxes of $550,703.38. On December 1, 1979, in keeping with the tax laws, appellant paid the first half of said taxes without protest. The second half was paid in March, 1980, under protest. Appellant filed its complaint of erroneous assessment and petition for correction before the Board of Tax-roll Corrections, requesting a reduction of the taxes and alleging that the appellee, tax assessor, had applied an assessment ratio to appellant's property which was higher than that applied to other property in said county. The Board of Tax-roll Corrections denied the request.

Appellant then brought its action in the trial court seeking relief under 68 O.S.1974 § 2479. The court, after finding that appellee, tax assessor, had indeed applied different ratios in assessing appellant's property held that appellant was entitled to a refund for the excess taxes paid under the unequal system applied by the assessor, and authorized a refund of those taxes paid under protest but denied a refund of the taxes paid without protest. In denying appellant's claim for refund, the court relied on the case of *Cantrell v. Sanders,* 610 P.2d 227 (1980), where an improper ratio was also at issue. In *Cantrell* this court clearly pointed out that § 2479 makes no provision for appeal from the assessor's selection of an assessment percentage and that therefore § 2469 was the appropriate section. Similarly, appellant's claim in this action is not provided for under § 2479 simply because it does not fall within any of the seventeen enumerated instances, and therefore relief cannot be granted therein.

While we recognize that parties who have not filed a protest and who are not entitled to relief under § 2479 may be left in an irremediable position under § 2469, we are without power to change the language or the meaning of the statutes.

Motion for oral argument denied.

The trial court's judgment is affirmed.

IRWIN, C.J., and HODGES, SIMMS, OPALA and WILSON, JJ., concur.

LAVENDER, J., concurs in result.

DOOLIN and HARGRAVE, JJ., dissent.