George C. KEYES, the duly elected assessor of Oklahoma County, Appellant,

v.

Jean I. EVEREST, Byron J. Gambulos and Patricia P. Gambulos, Habana Inn West, Inc., d/b/a Hilton Inn West, Mildred A. Lundberg, Roy L. Reece, Southwestern Bank & Trust Company, the Oklahoma County Board of Equalization, and Other Named Tax Protestors, Appellees.

No. 70160.

Court of Appeals of Oklahoma, Division No. 4.

Feb. 13, 1990.

Rehearing Denied March 12, 1990.

Certiorari Denied July 10, 1990.

Robert H. Macy, Dist. Atty., Marc S. Pate, Asst. Dist. Atty., Oklahoma City, for appellant.

Arnold T. Fleig, John A. Philbin, Speck, Philbin, Fleig, Trudgeon & Lutz, Oklahoma City, for appellee Jean I. Everest.

John Joseph Snider, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, for appellees Byron J. Gambulos and Patricia P. Gambulos.

William F. Collins, Jr., McClelland, Collins, Bailey, Bailey & Bellingham, Oklahoma City, for appellee Habana Inn West, Inc., d/b/a Hilton Inn West.

Robert H. Warren, Warren, Ricks & Associates, Oklahoma City, for appellees Mildred A. Lundberg and Roy L. Reece.

John C. Gatlin, Jones, White & Gatlin, Oklahoma City, for appellee Southwestern Bank & Trust Co.

William S. Flanagan, Asst. Dist. Atty., El Reno, for appellee Board of Equalization.

## OPINION

STUBBLEFIELD, Judge.

The facts of this case are not in dispute. In 1987, the County Assessor of Oklahoma County completed a county-wide revaluation of the taxable property as required by 68 O.S.Supp.1989 § 2481.1.[1] The revaluation substantially increased the taxable value of most property. The notices of change in assessed value, statutorily required to be given taxpayers, were mailed by Assessor primarily in the months of April and May. Predictably, there followed numerous phone calls, letters and personal appearances by taxpayers complaining of excessive and erroneous assessment.

Faced with such a magnitude of complaints, the Oklahoma County Board of Equalization began hearing protests regardless of the date of filing, even though 68 O.S.Supp.1989 § 2460,[2] requires taxpayers to file protests within twenty days of the mailing of the notice of change in assessed value. The Board was concerned about violating "the unheard taxpayers' due process rights." Assessor appeared at these protest hearings but voiced no objection to the timeliness of any of the complaints. In most instances the Board, after hearing evidence, granted the complaining taxpayer relief and corrected Assessor's valuation of the property.

Following the Board's adjournment, Assessor timely filed several hundred appeals to the district court, in each case challenging the Board's grant of relief to taxpayers who had not filed complaints within the twenty-day protest period set forth in section 2460. The appeals were consolidated, and on the court's own motion were set for hearing to determine whether the Board had jurisdiction to adjust property assessments when taxpayer protests were not filed according to the statute. For purposes of the hearing, the court assumed that Assessor had properly mailed notices of increased assessment to the taxpayers, but did not assume that the taxpayers had received them.

The district court held that the Board had "the authority to hear any complaint by the taxpayer filed after the expiration of the 20-day protest period." The district court reasoned that the "20-day provision is not a statute of limitations, but it is a restriction placed upon the taxpayer," and therefore the Board had the *discretion*, but was not *required* to hear complaints which were not filed within twenty days. It is from this order that Assessor appeals.

Assessor contends that the filing of a protest within the time period set forth in section 2460 is a jurisdictional prerequisite to the Board's ability to adjust the assessed valuation of a taxpayer's property, and that "[t]he Board of Equalization may not act upon a protest filed more than twenty days after the mailing of the notice of increase in assessment." Therefore, according to Assessor, the orders for relief granted by the Board upon complaints filed beyond the

---

1. Repealed by Laws 1988, c. 162, § 165, effective January 1, 1992. *See* Ad Valorem Tax Code, 68 O.S.Supp.1989 §§ 2801–2899.

2. *See* n. 1, at 2.

twenty-day protest period are void and must be set aside. We do not agree.

∎ A taxpayer must timely resort to the statutory remedy for adjustment of an assessment claimed to be erroneous or excessive or lose the right to receive a hearing before the Board *upon demand.* However, from a review of the statutory scheme at issue, it is clear that the Board's jurisdiction to adjust assessed valuations of property is not limited to situations in which a taxpayer complaint is timely filed.

Title 68 O.S.Supp.1989 § 2460, provides a remedy for taxpayers who believe the assessment of their property is excessive, erroneous, or improper. When a taxpayer receives notice of increased valuation by mail, he has "twenty (20) days from date of mailing of such notice in which to file, with the secretary of [the Board of Equalization], a written complaint, specifying his grievances." *Id.* Upon receipt of a complaint the Board is "authorized and empowered to take evidence pertinent to said complaint; ... is authorized to compel the attendance of witnesses and the production of books, records, and papers by subpoena, and to confirm, correct, or adjust the valuation, as may seem just." *Id.*

∎ However, even if no taxpayer complaint is filed, county boards of equalization still have the duty and the authority under 68 O.S.Supp.1988 § 2459,[3] to "equalize, correct, and adjust the assessed valuation of real and personal property by raising or lowering the valuation of the property, real or personal, of any taxpayer to conform to the fair cash value of said property, as defined by law." This statute does not restrict the Board's authority to adjust or lower the assessed valuation of property to only those situations in which taxpayer protests are filed.

∎ Moreover, the Constitution of Oklahoma[4] requires that property be assessed in conformity with its "fair cash value." Fair cash value of property for ad valorem tax purposes is the price the property would bring at a fair voluntary sale between a purchaser willing but not obliged to buy the property and an owner willing

but not obliged to sell it, taking into consideration its current use. *Tulsa County Board of Equalization v. Independent School District No. 1 of Tulsa County,* 743 P.2d 1076, 1078 (Okla.1987); *Bliss Hotel Co. v. Thompson,* 378 P.2d 319, 321 (Okla.1962).

∎ In the instant case, if the Board considered the numerous taxpayer protests as an indication that the information and method of valuation used by Assessor generally resulted in value determinations which exceeded the fair cash value of the property, then the Board had the statutory duty to correct and equalize the various individual assessments.

We find that the action taken with regard to assessment of the subject property was within the power, authority and discretion of the Board. We therefore affirm the judgment of the district court.

BRIGHTMIRE, C.J., and REIF, J., concur.

---

3. Repealed by Laws 1989, c. 321, § 28, effective January 1, 1992.

