WHIG SYNDICATE, INC., an Oklahoma corporation; Susan Lamb Griffith, A.P. Murrah, Jr., and Bridgette Murrah; and Walnut Creek, Inc., Appellees,

v.

George C. KEYES, the duly elected Assessor of Oklahoma County; Joe B. Barnes, the duly elected Treasurer of Oklahoma County; and the Oklahoma County Board of Equalization, Appellants.

No. 74287.

Supreme Court of Oklahoma.

June 30, 1992.

Rehearing Denied Sept. 15, 1992.

---

Lee M. Holmes, Oklahoma City, for appellees.

Robert H. Macy, Dist. Atty. and Hugh A. Manning, Asst. Dist. Atty., for appellants.

SUMMERS, Justice.

Plaintiffs are ad valorem taxpayers in Oklahoma County who sue in their own right and on behalf of other Oklahoma County taxpayers to invalidate increases in the assessed valuation of their property. The trial court made an Order certifying "at least some" of the unnamed taxpayers as properly included in the class action. The County Assessor, County Treasurer,

and County Board of Equalization appealed. The Court of Appeals confirmed the propriety of the class action and remanded. On certiorari we find that the vehicle of a class action is not available to restrain the collection of ad valorem taxes from taxpayers not themselves parties to the suit.

For factual background we use the findings of the trial court taken from agreed-to statements of counsel.[1] Effective January 1, 1987 the County Assessor reassessed all the real estate in Oklahoma County. Approximately 22,000 protests or complaints were filed by landowners seeking relief before the County Board of Equalization. The statutory adjournment date for that Board is the third Monday in September, which fell on September 21, 1987. 68 O.S.Supp.1985 § 2459.[2] The Board, however, continued to meet and hear complaints until January 21, 1988. Rulings by the Board prior to October 1, 1987 were given full force and effect by the Assessor and Treasurer; those after October 1, 1987, numbering some 1,250 cases, most of which reduced assessed valuations on the properties, were not implemented and were not shown as corrections on the tax rolls. On January 21, 1988, the Board found that the average reduction in value of those cases it had heard for the 1987 assessment year had been 15%. It then entered an order granting some 12,588 unheard property owners who had filed complaints with the Board a 15% reduction in assessed value, and adjourned. The County Assessor did not appeal from any actions of the Board of Equalization taken after September 21, 1987.

Plaintiffs Whig Syndicate, Inc. and Susan Lamb Griffith filed this action on December 31, 1987, claiming to be aggrieved landowners and also claiming to sue on behalf of two other classes of plaintiffs: (1) all owners of Oklahoma County real property whose properties were increased in assessed value in 1987 and (2) all those property owners who filed a complaint or protest seeking a reduction in assessed value for that year. The plaintiffs requested relief in the nature of a class action that would: (1) Set aside all real property valuation increases made by the Oklahoma County Assessor for the year 1987; (2) Order the County Treasurer to correct the tax rolls so that all real property would reflect the 1986 valuations; (3) Order the Treasurer to refund to each taxpayer those amounts overpaid for ad valorem taxes based upon the 1986 valuations; (4) Order a District Court trial on the issue of the value of each taxpayer's property when the 1986 value was higher than that claimed by the taxpayer in 1987; (5) Require all property owners who filed a protest with the Board of Equalization be given a District Court trial to determine the value of their properties, or if a taxpayer so elect, have the property valued for 1987 as valued in 1986; and (6) Several other requests.

On February 1, 1988, the named plaintiffs were joined in an Amended Petition by the Murrahs, who claimed to have timely filed a protest with the Equalization Board and followed that with a complaint to the Board of Tax Roll Corrections. Also named in the Amended Petition was Walnut Creek, Inc., who claimed to have had no knowledge of the increased valuation until receipt of its tax statement after October 1, 1987.

The Defendants (Assessor, Treasurer, and Board of Equalization) moved to dismiss. The Order of the District Court disposing of that motion on October 4, 1989 is the subject of this appeal.

In its Order the trial court stated that it was entering "judgment" on five "issues": (1) That the Equalization Board had authority to hear complaints by taxpayers when the complaints were filed after the expiration of twenty days after the date of notification; (2) That the Equalization Board had authority to remain in session after Sep-

---

1. See also our decisions in *State ex rel. Independent School Dist. No. 1 v. Barnes,* 762 P.2d 921 (Okla.1988), *Castro v. Keyes,* 836 P.2d 1275 (Okl. 1992), and *George L. Verity Management Corp. v. Keyes,* 836 P.2d 1279 (Okl.1992).

2. Section 2459 was repealed by Laws 1988, c. 162, § 165, as amended by Laws 1991, c. 249, § 1, eff. Jan 1, 1992; Laws 1989, c. 321, § 28. The present version of § 2459 is codified at 68 O.S.1991 § 2863.

tember 21, 1987; (3) That the action of the Equalization Board on protests heard after September 21, 1987 are valid; (4) That the action of the Equalization Board in granting a fifteen per cent (15%) decrease in valuation to 12,558 taxpayers without hearing any evidence as to the valuation of each parcel or inspection of the property was valid and; (5) That "at least some of the class of taxpayers are properly a part of this class action."

The Court declared it would retain jurisdiction of the case on the first three issues and would consider Plaintiff's prayer for mandamus whenever appropriate. The Court further refrained from entering judgment on the blanket 15% reduction pending further proceedings.

■ The order is interlocutory for at least two reasons. First, it did not adjudicate all of the claims tendered and is a partial summary adjudication. In *Teel v. Public Service Co. of Oklahoma,* 767 P.2d 391, 395 (Okla.1985), we explained that an interlocutory summary adjudication is not an appealable order. The order predates our statutory provision for judgment on fewer than all claims presented and 12 O.S.1991 § 1006 is not applicable.

The trial court order did not grant any equitable relief, but stated that: "the Court will retain jurisdiction of the subject matter and will consider plaintiff's motion seeking mandamus whenever it's appropriate." With respect to the issue of whether the Board could decrease the valuation of property without a hearing or inspection of the property the trial court stated: "the Court is not convinced that this issue is properly before it and refrains from entering judgment on this issue at this time pending further proceedings in this case or in another case which a class action brought by various school boards, . . . ." Although the trial court order "decided" four issues in the suit it did not order the defendants to perform any act.

■ When a peremptory writ of mandamus is effective as a judgment the writ is appealable. *State v. District Court of Mayes County,* 440 P.2d 700, 708 (Okla.1968), overruled in part on other grounds, *Palmer v. Belford,* 527 P.2d 589, 592 (Okla.1974). An order that denies an application for writ of mandamus after trial and determination of the issues is also appealable as a judgment. *Delaware County ex rel. Carver v. Hogan,* 33 Okl. 791, 127 P. 492 (1912). By not actually granting equitable relief and stating that jurisdiction was retained for the purpose of a future application for a writ of mandamus the court was stating the judgment that might be rendered in the future under circumstances yet to occur. Such an order is not a judgment. *Stekoll v. Jones,* 648 P.2d 13, 14 (Okla.1982). Neither are the first four issues appealable as interlocutory orders, and thus our disposition herein does not prejudice the rights of any party to seek appellate review of those issues when appropriate. See *DeLuca v. Mountain States Financial Resources Corp.,* 827 P.2d 171 (Okla.1992).

■ Only the fifth part of the order appears capable of vesting appellate jurisdiction in this court. An order certifying or refusing to certify an action to be maintained as a class action is appealable even though interlocutory. 12 O.S.1984 § 993(A)(6). The language of the order that allows the suit to proceed as a class · action is indeed less than clear as to identity of the members of the class. The order states that it will adjudicate the propriety of the class action and later states: "The Court is of the opinion that at least some of the class of taxpayers are properly a part of this class action." The plaintiffs argue alternatively in their appellate brief that the order was a preliminary order prior to an order certifying a class, and that the trial court order was correct in certifying a class. The defendants treat the order as one certifying a class.

We recognized the merit to an early determination of class status in *Perry v. Meek,* 618 P.2d 934, 941 (Okla.1980). In 12 O.S.Supp.1984 § 2023(C)(1) our pleading code states that: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The trial court stated that

the action was to be maintained as a class action, and we recognize the obvious public need for a prompt adjudication on the issue of class certification in a case involving this number of property tax assessments for Oklahoma County. We construe the order as one certifying a class and thus within our appellate cognizance. 12 O.S.Supp. 1984 § 993(A)(6); *Shores v. First City Bank Corp.*, 689 P.2d 299 (Okla.1984). Those issues raised on certiorari that are fairly comprised within the determination of the decision to allow the suit as a class action are properly before the court. 12 O.S.Supp.1984 § 993(A)(6) and *Teel v. Teel*, 766 P.2d 994, 997 n. 4 (Okla.1988).

■ The defendant taxing officials insist on appeal, and on certiorari, that a class action may not be used to govern the collection of taxes in a case of this sort. The statutory prerequisites to a class action are set out in 12 O.S.Supp.1984 § 2023:

A. One or more members of a class may sue or be sued as representative parties on behalf of all only if:

1. The class is so numerous that joinder of all members is impracticable;

2. There are questions of law or fact common to the class;

3. The claims and defenses of the representative parties are typical of the claims or defenses of the class; the

4. The representative parties will fairly and adequately protect the interests of the class.

They point out that the second, third and fourth prerequisites are not met because each property owner owns a parcel with completely unique valuation factors, in the same sense that the uniqueness of real property may justify the remedy of specific performance in conveyance disputes. See *Ludwig v. William K. Warren Foundation*, 809 P.2d 660, 663 (Okla.1990). They say that no common question of fact exists, and that each property ownership must be valued individually to determine its fair cash value. They further urge that the named plaintiffs are in no position to prove the valuation of the property owned by each of the others in the class so as to

"protect the interests of the class." See § 2023(A)(4).

■ In *State ex rel. Tharel v. Board of County Commissioners of Creek County*, 188 Okl. 184, 107 P.2d 542 (1940) we discussed the propriety of seeking the enforcement of tax statutes as a class action against tax officials. We explained that a suit to enjoin the collection of a tax alleged to have been illegally assessed could *not* be brought as a class action. *Id.* 107 P.2d at 553. Relying on *Stiles v. City of Guthrie*, 3 Okl. 26, 41 P. 383 (1895) decided by our Territorial Supreme Court, the *Tharel* Court said:

> The Stiles case, on which defendants rely, was an action to enjoin the collection of taxes alleged to have been illegally assessed, and the holding of the Territorial court that in such case one taxpayer might not sue for the benefit of all was predicated upon the theory that the taxes having been assessed, the collection thereof was not a matter which affected the taxpayers as a class, so that there was a community of interest, but was in the nature of a separate demand against each which he could pay or resist as he might choose, and in which no other taxpayer was interested. The rule announced therein appears to be confined to actions to enjoin the collection of taxes, perhaps to discourage interference with the collection of public revenue. It is of general application. *State ex rel. Tharel*, 107 P.2d at 553.

The *Stiles* court relied upon a Kansas decision, *Wyandotte & K.C. Bridge Co. v. Bd. of Comrs*, 10 Kan. 326 (1872), which stated:

> It is true under the statute that any number of persons whose property is effected by supposed illegal tax may unite in a action to restrain its collection; but the court only adjudicates upon the rights of those who do so unite or who appear as parties before it. And the court cannot restrain the collection of any tax upon any property belonging to any person who is not a party to the suit or who does not ask that the collection thereof shall be restrained. [The] plaintiff has no right to assume to be the champion of all the other taxpayers of

the county and ask that no tax shall be levied against them.... One taxpayer cannot enjoin a tax levied against another taxpayer. Each taxpayer must sue for himself, either in an action brought by himself alone or in an action brought himself and others with like interests. *Stiles, supra* 41 P. at 387.

This rule of law has been with us since territorial days. In *Huddleston v. Vahlberg*, 187 Okl. 541, 104 P.2d 434 (1940) we reiterated it, saying: "That one or more taxpayers may not for themselves and all others similarly situated maintain an action to restrain the collection of a tax is settled." An exception to this rule is that a class action may be used for the purpose of *enforcing* the collection of taxes. *State ex rel. Tharel v. Board of County Commissioners of Creek County*, 107 P.2d at 553. The exception is not the case before us.

The plaintiffs here seek to decrease the collection of taxes or "roll back" the assessed valuations of property and thereby reduce the property taxes due. Such relief is in the nature of restraining the collection of the taxes to the extent of the increase in taxes. The early case-law authority refusing class action relief in such cases is supported in today's class action statute and its prerequisites. Here the ultimate question of concern to each taxpayer plaintiff, named and unnamed, is the fair cash assessed value of each parcel of property for ad valorem tax purposes. The question is factually not capable of resolution in a class action suit. The plaintiffs may not bring a class action in order to achieve the relief requested.

 The class action is improper for another reason. The plaintiffs sought to invoke the equity jurisdiction of the district court on behalf of themselves and the two classes. In *Adair v. Clay*, 780 P.2d 650 (Okla.1988), *cert. denied*, 493 U.S. 1076, 110 S.Ct. 1125, 107 L.Ed.2d 1032 (1990), we discussed the three statutory remedies for a taxpayer attacking ad valorem tax assessments: (1) complaint with the Board of Equalization, (2) complaint with the Board of Tax Roll Corrections, and (3) suit in the District Court under 68 O.S.1981 § 2469. *Id.* 780 P.2d at 654. When a taxpayer is provided with a remedy by an Equalization Board the availability of that remedy precludes suit in the District Court. See *Keaton v. Bonaparte*, 174 Okl. 316, 50 P.2d 404 (1935); *Appeal of Billings Community Elevator, Inc.*, 510 P.2d 953, 955 (Okla.1972), (discussing the holdings of four cases); and *Oklahoma Nitrogen Co. v. Lucas*, 655 P.2d 1031 (Okla.1982). When a taxpayer is provided a remedy with the Board of Tax Roll Corrections that remedy likewise precludes suit in district court. *Parkinson v. Valente*, 326 P.2d 826 (Okla.1958), (suit not authorized when administrative remedy before board of Tax Roll Corrections available). When an administrative remedy is *not* available suit may be brought in the District Court under 68 O.S.1981 § 2469.[3] That remedy requires payment of taxes under protest and service of process upon the collecting officer (County Treasurer). 68 O.S.1981 § 2469. A District Court's equity jurisdiction may not be invoked when statutory remedies are available. *Billingsley v. North*, 298 P.2d 418 (Okla.1956).

In similar suits arising out of the mandatory revaluation we have explained that the Equalization Board possessed the power to value property after the statutory adjournment date, and that such valuation must be accepted by the Board of Tax Roll Corrections. *Castro v. Keyes*, 836 P.2d 1275 (Okl. 1992). We have affirmed a District Court's determination on appeal from the Equalization Board when the order of the Board was similar to that complained of by some of the plaintiffs herein. *Oklahoma City Golf and Country Club v. Keyes*, 836 P.2d 1282 (Okl.1992). We have remanded to the District Court for trial *de novo* on assessed valuation a timely, statutorily filed appeal from an Order of the Board of Equalization. *Verity v. Keyes*, 836 P.2d 1279 (Okl. 1992). We note that these opinions are

---

3. Section 2469 was repealed by Laws 1988, c. 162, § 165, as amended by Laws 1991, c. 249, § 1, eff. Jan. 1, 1992; Laws 1989, c. 321, § 28.

For the present version of § 2469 see 68 O.S. 1991 § 2886.

consistent with the relief afforded to certain taxpayers by our Court of Appeals in *Keyes v. Everest,* 794 P.2d 1214 (Okla.App. 1990). The taxpayers in these cases appear to have followed the statutory procedures for filing complaints with the Board of Equalization and the Board of Tax Roll Corrections, with subsequent appeal to the District Court.[4]

The statutory remedies are adequate to give taxpayers relief, and equity jurisdiction can not usurp their role in the statutory process for affording review of unwanted assessments. This suit is improper to the extent that it seeks to invoke the District Court's equity jurisdiction apart from the court's statutory appellate jurisdiction on an appeal from the Board of Equalization or Board of Tax Roll Corrections.

*The trial court's order is reversed to the extent that it allows the suit to proceed as a class action.* The other aspects of the order are neither affirmed nor reversed. They are in no posture for appellate review. The opinion of the Court of Appeals is vacated and the order of the District Court is reversed in part. The matter is remanded to the District Court of Oklahoma County for further proceedings consistent with this opinion.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

OPALA, C.J., disqualified.

---

**4.** The statutory appeal to the District Court was under authority of 68 O.S.1981 § 2461. Section 2461 was repealed by Laws 1988, c. 162, § 165; Laws 1991, c. 249, § 4, eff. Jan. 1, 1992. The proper procedure is now codified at 68 O.S.1991 § 2880.1.