OKLAHOMA CITY GOLF AND
COUNTRY CLUB, Appellee,

v.

George KEYES, Oklahoma County Asses-
sor, and Joe B. Barnes, Oklahoma
County Treasurer, Appellants.

No. 74738.

Supreme Court of Oklahoma.

June 30, 1992.

Robert H. Macy, Dist. Atty., Hugh A.
Manning, Asst. Dist. Atty., Oklahoma City,
for appellants.

Henry D. Hoss, McAfee and Taft, Okla-
homa City, for appellee.

SUMMERS, Justice.

This controversy arose from the 1987 mandatory revaluation of real property in Oklahoma County and the numerous tax-payer protests generated therefrom. We described the circumstances in *State ex rel. Independent School Dist. No. 1 v. Barnes,* 762 P.2d 921, 922–923 (Okla.1988) and *George L. Verity Management Development Corporation v. George C. Keyes etc.,* 836 P.2d 1279 (Okl.1992), decided this day.

The taxpayer timely filed a protest with the County Equalization Board after receiving notice of an increase in the valuation of its property for ad valorem taxes. The Board did not hear the protest until January 21, 1988, when it ordered that the assessed valuation of the property in all remaining and unheard protests would be decreased by fifteen per cent. The taxpayer appealed, and the District Court determined the value of the property by stipulation of the parties, ordered the Assessor to calculate the correct amount of taxes and certify same to the County Treasurer, and ordered the Treasurer to refund the excess amount of taxes that the taxpayer had already paid to the Treasurer. The Treasurer and Assessor appealed and the Court of Appeals affirmed.

The Assessor and Treasurer raise three arguments on certiorari and those are the only issues before us. *Teel v. Teel,* 766 P.2d 994, 997 n. 4. (Okla.1988). (1) They argue that the County Board of Equalization could not order changes in the 1987 ad

valorem taxes after the tax rolls were certified in October, 1987. (2) They argue that taxpayers protesting decisions of the Board of Equalization must file an appeal therefrom within ten (10) days of the statutory adjournment date. (3) They also argue that the taxpayer did not correctly invoke the jurisdiction of the district court under 68 O.S.1981 § 2469.[1] Section 2469 provides a remedy "In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, . . . ."

In a decision rendered concurrently with this one we explained that a Board of Equalization must hear a timely filed protest, and that the adjustment or equalization of such a protest after the statutory adjournment date is valid. *Castro v. Keyes*, 836 P.2d 1275 (Okl.1992).

On the second issue, the taxpayer is given a statutory appeal from a decision of the Equalization Board. 68 O.S.1981 § 2461.[2] The statute creates a right to appeal after "the final adjournment of the board" as opposed to the statutory adjournment date. *Id.* § 2461(b). The right to appeal would make little sense if such were to occur three months prior to the decision of the board. The first two arguments of the Assessor on certiorari are without merit. Because the taxpayer had, and correctly pursued, its administrative remedy, the argument on the third issue concerning the necessity and procedure of a suit under § 2469 is moot. In this regard see *Verity, supra.*

We vacate the opinion of the Court of Appeals and affirm the judgment of the district court.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

OPALA, C.J., disqualified.

---

1. 68 O.S.1981 § 2469 was repealed by Laws 1988, C. 162, § 165, effective January 1, 1992. The present version of this section is codified at 68 O.S.1991 § 2886.

2. Section 2461 was repealed by Laws 1988, c. 162, § 165; Laws 1991, c. 249, § 4, eff. Jan. 1, 1992. The procedure is now codified at 68 O.S.1991 § 2880.1.