## GEORGE L. VERITY MANAGEMENT DEVELOPMENT CORPORATION, Appellant,

v.

George C. KEYES, the duly elected assessor of Oklahoma County; Joe B. Barnes, the duly elected Treasurer of Oklahoma County; and, the Oklahoma County Board of Equalization, Appellees.

No. 72816.

Supreme Court of Oklahoma.

June 30, 1992.

Rehearing Denied Sept. 15, 1992.

Lee M. Holmes, Ellison & Holmes, Oklahoma City, for appellant.

Robert H. Macy, Dist. Atty. and Marc S. Pate, Asst. Dist. Atty., Oklahoma City, for appellees.

SUMMERS, Justice.

This protest of an increase in assessed valuation by an ad valorem taxpayer was one of thousands that remained pending when the Oklahoma County Board of Equalization's session for 1987 should have ended according to statute. The protests followed a mandatory revaluation of real property effective January 1, 1987 which affected over 250,000 parcels of property. Perhaps as many as 22,000 property owners filed protests to have their assessed valuation reviewed by the Board of Equalization. On the third Monday of September (the date the Board was to have ended its session according to 68 O.S.Supp.1985, § 2459)[1] there were still several thousand protests the Board had not been able to consider. Rather than adjourning the Board continued to hear and act upon protests until January 21, 1988. On that date it made a blanket reduction of 15% in all pending and unheard cases, including this one.

On February 1, 1988, the Taxpayer appealed that ruling to the District Court pursuant to 68 O.S.1981 § 2461(b).[2] There the case was dismissed on Motion for Summary Judgment, the court holding (1) that the Board of Equalization had no authority to continue meeting after delivery of the certified tax rolls to the Oklahoma County Treasurer on October 1, 1987, and (2) that

1. Section 2459 was repealed by Laws 1988, c. 162, § 165, as amended by Laws 1991, c. 249, § 1, eff. Jan. 1, 1992; Laws 1989, c. 321, § 28. For the present version of § 2459 see 68 O.S. 1991 § 2863.

2. Section 2461 was repealed by Laws 1988, c. 162, § 165; Laws 1991, c. 249, § 4, eff. Jan. 1, 1992. For the present version of § 2461 see 68 O.S.1991 § 2880.1.

the taxpayer should have complied with 68 O.S.1981 § 2469,[3] the provision affording appellate relief from taxation where "the laws provide no appeal."

The Court of Appeals reversed, concluding that it was the taxpayer's right to have its protest heard and decided by the Board, and that such right cannot be defeated by a lack of resources to do so within the statutory time frame. The appellate court went on, however, and "rolled back" the property's valuation to that of the preceding year, directing the trial court to enter judgment for the Taxpayer.

■ The authority of the Equalization Board, after its statutory adjournment date, to adjust and equalize assessments pursuant to timely filed protests, is affirmatively established by our opinion in *Castro v. Keyes*, 836 P.2d 1275 (Okl.1992), handed down this date. It follows that the second issue tendered for our resolution must also go against the taxing authorities. Section 2469 is urged as the only procedure available to the taxpayer, and was held by the trial court to bar Taxpayer's District Court action. It provides in pertinent part:

> "In all cases where the illegality of the tax is alleged to arise *by reason of some action from which the laws provide no appeal,* the aggrieved person shall...." (emphasis added) 68 O.S.1981 § 2469.

Taxing authorities urge that no appeal was available when the Board *failed* to hold a hearing by the third Monday in September. They argue that the Taxpayer should have paid one-half of its ad valorem taxes under protest by January 1, 1988, and then served the Treasurer within thirty days thereafter. The statute relied upon and used by taxpayer to bring his protest into the District Court was 68 Okla.Stat.1981 § 2461, as follows:

> (a) Both the taxpayer and the County Assessor shall have the right of appeal from any order of the County Board of Equalization to the District Court of the same County, and right of appeal of either may be either upon questions of law or fact including value, or upon both questions of law and fact. In case of appeal the trial in the District Court shall be *de novo,* but no matter shall be reviewed by the District Court which was not presented to the Board in the complaint filed with it.
>
> (b) Notice of appeal shall be filed with the County Clerk as Secretary of the County Board of Equalization, which appeal shall be filed in the District Court within ten days after the final adjournment of the Board.

There is no controversy but that Taxpayer followed the latter statute and did so within ten days after the Board's final adjournment. Our ruling affirming the Board's authority to function after adjournment date compels our rejection of the argument requiring § 2469 compliance. Section 2461 was available to Taxpayer, provided a means of "appeal", and thus made § 2469 inapplicable. Taxpayer's District Court suit was filed as a timely appeal from the Equalization Board.

■ We must differ with the Court of Appeals, however, in its order to roll back assessed valuation to the prior year. Appeals under § 2461 are *de novo* to the District Court. Here no facts nor evidence on value were presented to the District Court, nor are there stipulations as to such facts on appeal. Taxpayer is entitled to remand for trial *de novo,* but nothing more at this stage of the proceeding. *In re Commercial Credit Co.,* 193 Okl. 497, 145 P.2d 750 (1944).

The Order of District Court granting summary judgment to Defendants is reversed, the opinion of the Court of Appeals is vacated, and the matter is remanded for further proceedings consistent herewith.

HODGES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, ALMA WILSON, KAUGER and WATT, JJ., concur.

OPALA, C.J., not participating.

---

3. Section 2469 was repealed by Laws 1988, c. 162, § 165, as amended by Laws 1991, c. 249, § 1, eff. Jan. 1, 1992; Laws 1989, c. 321, § 28.

For the present version of § 2469 see 68 O.S. 1991 § 2886.