**AMERICAN TELEPHONE AND TELE-
GRAPH COMPANY, a New York Corpo-
ration Successor–in–Interest to AT & T
Technologies, Inc., Appellant,**

v.

**STATE of Oklahoma ex rel. OKLAHOMA
COUNTY BOARD OF EQUALIZATION,
Appellee.**

**87692.**

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 17, 1996.

Rehearing Denied Oct. 29, 1996.

Certiorari Denied Jan. 22, 1997.

Robert O. O'Bannon, Charles C. Green,
Oklahoma City, for Appellant.

Gretchen Crawford, Oklahoma City, for
Appellee.

### OPINION

HANSEN, Presiding Judge:

AT & T filed this action in district court purporting to appeal from a decision of the Oklahoma County Board of Equalization, (Board), evaluating certain of its properties at $26,232,000 for the 1995 year. It claimed in its petition that the true value was $17,-400,000 less damages associated with the environmental claims assessed against the property. Board answered and then filed a motion for summary judgment and brief. AT & T filed a brief in response. The trial court granted Board's motion and dismissed the case. The trial court also overruled AT & T's motion to reconsider and for rehearing. AT & T files its appeal without appellate briefs in conformance with the procedures for the appellate accelerated docket, Rule 1.203, Rules of Civil Appellate Procedure, 12 O.S.1991 Ch. 15, App. 2.

Board's motion for summary judgment was premised on AT & T's failure to exhaust its administrative remedies. It attached affidavits indicating AT & T had not followed the applicable administrative statutes. Thus, it claims the district court lacked subject matter jurisdiction of AT & T's action. We agree.

Title 68 O.S.1991 § 2876(E) provides in pertinent part:

> A taxpayer may file a complaint if the valuation of the property has not increased or decreased from the previous year if the complaint is filed on or before the first Monday in May. Such complaint shall be made upon a form prescribed by the Oklahoma Tax Commission.

AT & T did not file a complaint.

Title 68 O.S. § 2876(F) states:

> The County assessor shall schedule an informal hearing with the taxpayer to hear the protest as to the disputed valuation or addition of omitted property. The assessor shall take final action upon the matter

disputed within five (5) working days of the date of the informal hearing and shall mail or deliver notice of the final action to the taxpayer . . .

Within ten (10) working days of the date the notice is mailed or delivered, the taxpayer may file an appeal with the county board of equalization . . .

AT & T did not file a written complaint with the county assessor objecting to the assessment of its real property for the 1995 tax year. Thus, no hearing was held.

Title 68 O.S. § 2877(A) sets out the next step that must be taken by an entity objecting to an evaluation. This section provides:

Upon receipt of an appeal from action by the county assessor the secretary of the county board of equalization shall fix a date of hearing, at which time said board shall be authorized and empowered to take evidence pertinent to said appeal; . . .

AT & T did not file an appeal before the County Board of Equalization for the 1995 tax year.

Only after a taxpayer appeals the decision of the county assessor to the Board of Equalization does the district court have jurisdiction to hear the taxpayer's protest. Title 68 O.S.1991 § 2880.1(A) provides:

Both the taxpayer and the county assessor shall have the right to appeal from any order of the county board of equalization to the district court of the same county, and right of appeal of either may be either upon questions of law or fact including value, or upon questions of law and fact. In case of appeal, the trial in the district court shall be de novo.

This section never came into play, as AT & T did not have an order of the Board of Equalization for the 1995 tax year from which to appeal to the district court.

Finally 68 O.S. § 2885(A) states:

The proceedings before the county assessor, boards of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable proper-

ty within the tax district of which complaint was made.

In AT & T's response to Board's motion, it referred to its protest of the evaluation of the same property for the 1994 tax year which was still pending in district court. It pointed out that it had followed all administrative remedies for that protest. AT & T claims because it did not receive notice of any *change* in the fair market valuation of the property from the prior year, it did not file a protest with the county assessor. It argues it should not be forced into proceeding through the administrative process again in order to appeal an identical valuation for a different year.

When a taxpayer is provided with a remedy by an equalization board, the availability of that remedy precludes suit in the district court. *Whig Syndicate, Inc. v. Keyes*, 836 P.2d 1283 (Okla.1992). The pending suit in district court protesting the 1994 tax evaluation in no way waives the administrative remedies available to and required of AT & T for the 1995 tax year.

TRIAL COURT AFFIRMED.

BUETTNER, J., concurs.

JOPLIN, J., dissents.