Dear District Attorney Sullivan,
¶ 0 This office has received your request for an official Opinion addressing the following question:
When a county assessor has not increased the valuation of aparcel of real property over the assessment from the precedingyear, and no protest has been filed, does the county board ofequalization have the authority to raise the valuation of thereal property?
¶ 1 Assessment of property for purposes of ad valorem taxation begins with the county assessor ("the Assessor"). The Assessor must determine the value of all taxable property that the Assessor is required to assess. 68 O.S. 1991, § 2819[68-2819]. This assessment is done by estimating the price the property would bring at a fair, voluntary sale as of the first day of January.68 O.S. Supp. 1996, § 2817[68-2817](A). If the Assessor increases the valuation of any property over the valuation from the preceding year, the Assessor is required to notify in writing the person in whose name such property is listed. 68 O.S. 1991, § 2876[68-2876](A).
¶ 2 Paragraphs D and E of Section 2876 of Title 68 allow a taxpayer an opportunity to file a complaint if the taxpayer disputes the Assessor's valuation of the property. Once such a protest has been filed the Assessor shall schedule an informal hearing. The Assessor is required to take final action within five (5) working days of the hearing. A taxpayer may file an appeal from the Assessor's action with the county board of equalization. County boards of equalization are created at 68O.S. Supp. 1996, § 2861[68-2861]. The boards' authority is found at 68 O.S. 1991, § 2863[68-2863](B), which provides:
 It shall be the duty of said boards and they shall have the authority to:
 1. raise or lower appraisals to conform to the fair cash value of said property, as defined by law in response to a protest filed as prescribed by law; and
2. add omitted property; and
3. cancel assessments of property not taxable; and
 4. hear all grievances and protests filed with the board secretary as outlined in Section 2877 of this title.
68 O.S. 1991, § 2863[68-2863](B) (emphasis added).
¶ 3 In Keyes v. Everest, 794 P.2d 1214 (Okla.Ct.App. 1990), the Court of Appeals held that county boards of equalization have the discretion to hear complaints not filed within the statutory twenty-day protest period. In Keyes, the county assessor of Oklahoma County sought review of a decision by the county equalization board to adjust assessed valuations of property for taxpayers who had not filed timely complaints. The Court of Appeals made the following statement:
 [E]ven if no taxpayer complaint is filed, county boards of equalization still have the duty and the authority under 68 O.S.Supp. 1988 § 2459[68-2459], to "equalize, correct and adjust the assessed valuation of real and personal property by raising or lowering the valuation of the property, real or personal, of any taxpayer to conform to the fair cash value of said property, as defined by law." This statute does not restrict the Board's authority to adjust or lower the assessed valuation of property to only those situations in which taxpayer protests are filed.
Keyes, 794 P.2d at 1216 (emphasis added).
¶ 4 Section 2459 granted county boards of equalization broad power to raise or lower the valuation of any taxpayer's property. Section 2459 of Title 68 was repealed in 1989 and in its place, Section 2863 provides:
 It shall be the duty of said boards and they shall have the authority to:
 1. raise or lower appraisals to conform to the fair cash value of said property, as defined by law in response to a protest filed as prescribed by law[.]
68 O.S. 1991, § 2863[68-2863](B).
¶ 5 It is a well-established law in Oklahoma that where the language of a statute is plain and unambiguous and its meaning clear, no rules of construction are used and its evident meaning must be accepted. Jackson v. Independent School District No.16, 648 P.2d 26, 29 (Okla. 1982). Section 2863 of Title 68 is unambiguous wherein it limits a county board of equalization's authority to raise or lower appraisals to those situations in which the board is ruling upon a lawful protest. The board, therefore, has no authority to adjust appraisals of property in the absence of a lawful protest as to the value of said property.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
Pursuant to 68 O.S. 1991, § 2863(B)(1), a county board ofequalization may not adjust appraisals of property unless theadjustment is made in response to a protest filed as prescribedby law.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL