2004 OK CIV APP 13

**Terry HORRY, Plaintiff/Appellant,**

v.

**CITY OF TULSA, Oklahoma, a Municipal Corporation, William Lafortune, Mayor of the City of Tulsa, Anne Thompson, Court Administrator, Municipal Court of the City of Tulsa, Civil Service Commission of the City of Tulsa, Defendants/Appellees.**

No. 98,662.

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 28, 2003.

Certiorari Denied Jan. 29, 2004.

F.L. Dunn, III, Tulsa, OK, for Plaintiff/Appellant.

David Shapiro, Office of the City Attorney, City of Tulsa, Tulsa, OK, for Defendants/Appellees.

Opinion by KEITH RAPP, Judge:

¶1 The trial court plaintiff, Terry Horry (Horry), appeals a decision denying her application for a writ of mandamus addressed to the trial court defendants, City of Tulsa and others (City).

## BACKGROUND

¶2 Horry is a classified employee of City. For reasons not pertinent here, Horry was demoted. She appealed under provisions of the City's Charter and her appeal was heard by the Civil Service Commission of the City of Tulsa (Commission), also a trial court defendant.

¶3 The hearing before the Commission resulted in a tie vote on a motion to uphold the City's disciplinary action against Horry.[1] The City Charter provides that a "majority vote shall be required for a decision" and that the "burden of proof shall be upon the appointing authority whose action is the subject of the hearing." 1989 Amended Charter, City of Tulsa, Art X, sec. 8.3.

¶4 After the vote was recorded, a discussion took place in which Horry asserted that

---

1. It appears that the Commission has not    adopted Robert's Rules of Order. Rec., p. 72.

the consequence of the tie vote was that the City had failed to sustain its burden of proof. Horry made that argument before the trial court in support of her quest for a writ of mandamus and pursues that contention here.

¶ 5 The Commission was advised by the City Attorney that the tie vote resulted in no final, valid decision.[2] The City defended on this ground against Horry's quest before the trial court and here.

¶ 6 The Commission then went into executive session. Upon returning to the open meeting, the chairman stated:

> A majority vote of the members holding the hearing shall be required for a decision. There is no majority; it's two-two *at this point. I would like to entertain a motion for adjournment.* (Emphasis added.)[3]

¶ 7 A motion for adjournment was made and passed. According to the record, the Horry matter was set on a subsequent Commission agenda.[4]

¶ 8 The City relied on *Civil Service Commission of City of Tulsa v. Gresham,* 1982 OK 125, ¶ 41, 653 P.2d 920, 927, in advising the Commission and before the trial court. There, the Supreme Court observed that when a majority vote was required, the two-two vote amounted to no action taken. Horry asserts that *Gresham's* statement about a tie vote constituting no action is *dictum.* The trial court agreed but found *Gresham* to be persuasive and denied the writ petition. Horry appeals.

### STANDARD OF REVIEW

■ ¶ 9 The facts are not in material dispute. The trial court's ruling was made as a matter of law. Where the facts are not disputed, an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The

2. Record, pp. 70, 72; see also, Commission Hearing transcript, R. 95 at 97.

3. Commission Hearing transcript, R. 95 at 100.

4. Agenda, Record, p. 65 at 66. The City's Brief goes on to state that the Commission heard the matter and sustained the demotion, and that Horry appealed that decision in a pending mat-

appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.,* 1996 OK 125, 932 P.2d 1100 n. 1.

### ANALYSIS AND REVIEW

■ ¶ 10 The trial court correctly denied the application for the writ of mandamus because the Commission had not then taken any final action. Even though the suggestion in *Gresham,* as here urged by Horry, that the Supreme Court would deem a tie vote as a non-action is *dictum,* this Court nevertheless finds the statement persuasive. A reasonable interpretation of the proceedings before the Commission is that the Commission did not take any final action as a result of the tie vote but adjourned its meeting. Moreover, the Charter requires a majority for a decision. Thus, by Charter provision, no decision was rendered.

¶ 11 The Commission hearing transcript reflects that the Commission, after the tie vote, *adjourned* its meeting. An "adjournment" is a postponement or continuance of a session until another time. Black's Law Dictionary, 7th Ed. (West Group 1999); Webster's Third New International Dictionary (Merriam–Webster, Inc.1961). The record does not indicate that the adjournment was final. In fact, the Commission rescheduled consideration of Horry's case.

■ ¶ 12 Hearing bodies can and do "adjourn" proceedings and the adjourned proceeding is a continuation of the original matter unless the adjournment is *sine die* or some rule, such as a constitution, charter, statute, or ordinance, provides otherwise. *Phillips v. State,* 27 Okla.Crim. 108, 225 P. 180. Here, the Commission's adjournment was not *sine die* and no provision of law has been urged that would cause the Commis-

ter. The hearing and all that followed occurred after the mandamus hearing. Horry has moved to strike that part of the City's Brief. Clearly, the City's statements about what transpired at the subsequent Commission hearing and thereafter are outside the record and not subject to judicial notice by the appellate court, and are not here considered.

sion's meeting to expire by operation of law. *See Lookabaugh v. Okeene Hardware & Implement Co.,* 1910 OK 19, 106 P. 844, where reliance in part was placed upon the old concept of terms of court, which have since been abolished. In *George L. Verity Management Development Corp. v. Keyes,* 1992 OK 93, 836 P.2d 1279, the Board of Equalization continued to hear tax protests after a statutory adjournment date. An appeal was filed after the final adjournment. The Court upheld the Board's action in hearing the cases and further declined to dismiss the appeal even though it was filed well after the statutory adjournment date.

¶ 13 Thus, the trial court correctly denied the application for the writ because the Commission had not taken a final action on Horry's appeal.

¶ 14 AFFIRMED.

GOODMAN, P.J., and REIF, J., concur.